2003-NMCA-045

63 P.3d 1164

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Eric J. GARCIA, Defendant–Appellant.**

**No. 22,901.**

Court of Appeals of New Mexico.

Nov. 13, 2002.

Patricia A. Madrid, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, NM, for Appellee.

Tony Scarborough, Espanola, NM for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant appeals a district court order dismissing his de novo appeal from a magistrate court judgment and sentence for convictions on domestic violence charges. Defendant challenged only the constitutionality of the federal punitive consequences of his convictions under 18 U.S.C. § 922(g)(9) (2000), the Lautenberg Amendment to the Gun Control Act (the Act). The district court dismissed the appeal on the pleadings, finding that it lacked jurisdiction to grant Defendant's requested relief.

{2} Defendant asks this Court to decide the constitutionality of the Act generally and as applied to Defendant, and to remand to the district court any unresolved factual issues. In the alternative, Defendant requests that we instruct the district court to consider the merits of his constitutional challenge to the Act. Defendant has never challenged the underlying convictions or sentence. We affirm the district court's dismissal of Defendant's appeal from his magistrate court convictions.

*Facts and Background*

{3} Defendant, appearing pro se, was convicted in magistrate court on three counts of domestic violence. Defendant represents that after entering judgment and sentence, the magistrate judge informed Defendant that a conviction on state misdemeanor domestic violence charges implicated the punitive provisions of § 922(g)(9), which impose a lifelong prohibition against purchasing, owning, or possessing a firearm. Defendant further represents that the prosecutor informed the court and Defendant that she intended to report his domestic violence convictions to federal authorities to facilitate the confiscation of his firearms by federal agents pursuant to the firearms seizure and reporting provisions of § 922(g)(9). These statements are not matters of record.

{4} Defendant appealed his magistrate court convictions to the district court, challenging the constitutionality of the Act in that it (1) imposes sanctions against him based on the commission of state misdemeanor domestic violence convictions, and (2) imposes a burden on local law enforcement officials to notify, record, or register his convictions with federal authorities. The district court found that because the magistrate's comment about the statutory consequence of Defendant's convictions was not part of the judgment or sentence, the constitutionality of the Act could not be raised on appeal. Further, the district court found that because the confiscation of Defendant's firearms was a "separate matter" requiring that some action be taken by the authorities, the issue would be more properly raised in a request for an injunction or special writ designed to

preclude the District Attorney's office from taking action pursuant to the provisions of the Act. In accordance with these findings, the district court entered an order of dismissal based on its lack of jurisdiction to grant Defendant's requested relief.

*Absence of Right of Appeal to District Court*

{5} According to the constitution, appeals from magistrate courts are heard by trial de novo unless otherwise provided by law. N.M. Const., art. VI, § 27. The only law of which we are aware indicates that magistrate court appeals to district court are to be heard by trial de novo. NMSA 1978, § 35–13–3 (1968); Rule 6–703(J) NMRA 2002. Defendant did not seek a trial de novo and expressly stated in district court that he did not challenge the convictions. Defendant's appeal thus placed the district court in an anomalous position. Defendant seemingly asked the court to find error without challenging the judgment, to issue a ruling unrelated to the judgment and sentence from which Defendant appealed, and to grant a civil remedy in a criminal appeal. Defendant lacks the right of appeal under these circumstances.

{6} The right of appeal to the district court extends to a party "aggrieved by the judgment or final order in a criminal action." Rule 6–703(A). Similar to a defendant who pleads guilty or nolo contendere, Defendant in this case does not claim to be aggrieved by the judgment and sentence. *Cf. State v. Ball,* 104 N.M. 176, 183, 718 P.2d 686, 693 (1986) (holding that defendants who pleaded guilty or nolo contendere were not aggrieved by the judgment and sentence and were not entitled to a de novo appeal). Rather, Defendant claims to be aggrieved by the statements of the magistrate judge. However, these statements were never reduced to the judgment and sentence and do not, therefore, constitute a decision. *See Balboa Constr. Co. v. Golden,* 97 N.M. 299, 304, 639 P.2d 586, 591 (Ct.App.1981) ("Oral statements of a judge in articulating his ruling at the close of trial do not constitute a 'decision' [in a non-jury case], and error may not be predicated thereon."). As a result, they cannot be grounds for reversal.

{7} In addition, it would have been impermissible for the district court to determine the constitutionality of the Act because it was unrelated to the magistrate court's judgment and sentence. To reach the merits of Defendant's constitutional claim, the district court would have had to act outside its authority by issuing an advisory opinion that would have no practical effect on the litigation that was before it. *See Johnson v. Lally,* 118 N.M. 795, 799, 887 P.2d 1262, 1266 (Ct.App.1994) (refusing to grant declaratory relief when it would not address the party's injury, but would rather "answer a hypothetical question of constitutional law") (internal quotation marks and citation omitted); *cf. Schlieter v. Carlos,* 108 N.M. 507, 510, 775 P.2d 709, 712 (1989) ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so.").

{8} Nor was the district court in a position to grant Defendant relief. Defendant was appealing his convictions. Even if the district court were to find the Act unconstitutional, it could not then vacate or reverse the convictions or the sentence to reflect its decision. *See Porter v. Robert Porter & Sons, Inc.,* 68 N.M. 97, 102, 359 P.2d 134, 137 (1961) ("[T]his court will not make useless orders nor grant relief that will avail appellant nothing.").

*Conclusion*

{9} Defendant does not have the right of appeal on his constitutional challenge. Because we affirm the district court's ruling, we do not reach the merits of Defendant's claim.

{10} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD, JONATHAN B. SUTIN, Judges.