2004-NMCA-006

82 P.3d 968

Robert SALCIDO, Robert Zeissel, Barbara Boltrek, Gust Karmeris, Jr., and James Hruschak, on behalf of themselves, and all other similarly situated, Plaintiffs–Appellees,

v.

**FARMERS INSURANCE EXCHANGE, Marty Draper, Defendants–Appellants.**

No. 24,104.

Court of Appeals of New Mexico.

Nov. 6, 2003.

Turner W. Branch, Margaret Moses Branch, Clyde W. DeMersseman, Branch Law Firm, Albuquerque, NM, for Appellees.

Andrew G. Schultz, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, NM, for Appellants.

## OPINION

KENNEDY, Judge.

{1} Defendants apply to this Court for review of the district court's order granting class certification to claims adjusters employed by Farmer's Insurance Exchange (FIE). We are presented with the threshold question of what factors will guide our discretion when considering requests for interlocutory review of class certification decisions under Rule 1–023(F) NMRA 2003. Applying the guidelines we adopt herein, we deny Defendant's application for appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} In July 2001, Plaintiffs brought this action under NMSA 1978, § 50–4–22(C) (2003), of the New Mexico Minimum Wage Act, seeking to recover overtime payments for work they performed as claims adjusters for FIE. Defendants represent that FIE is a reciprocal insurance exchange company that sells insurance policies, collects insurance premiums, and reinsures risks and invests premiums. FIE's sales of insurance and reinsurance business appears to primarily involve the adjustment and settlement of claims. The claims adjusters who sought class certification held the titles of personal lines claims representative, senior claims representative, and special claims representative.

{3} Before Plaintiffs brought this action, several other classes of claims adjusters throughout the country were certified in similar class action suits brought against FIE.

Three months after Plaintiffs initiated the case at bar, the class action suits in Colorado, Illinois, Michigan, Minnesota, New Mexico, Oregon, and Washington were consolidated into one multi-district litigation (MDL), by stipulation of the parties. That action was bifurcated into two phases: liability and damages. The classes in the MDL agreed to argue FIE's liability under the Federal Labor Standards Act (FLSA) and the overtime laws of the seven states where the actions originated. Also as part of the agreement, FIE stipulated to the certification of a class composed of those claims adjusters who have worked in one or more of the seven states during the class period, while holding the titles of personal lines claims representatives, senior claims representatives, and special claims representatives. The parties further agreed to jointly submit a proposed class certification order.

{4} Soon after the MDL stipulation was approved, Plaintiffs in the present action filed an emergency motion to certify their proposed class, strike Defendants' response to the certification motion, and to send notice to class members. Plaintiffs argued that Defendants should be precluded from opposing class certification based on FIE's stipulation in the MDL. Plaintiffs stated that they were willing to accept the MDL class definition even though it varied slightly from the definition they originally proposed. Rejecting Plaintiffs' argument, the district court concluded it had an obligation to evaluate the proposed class under Rule 1–023(F) independent of Defendants' stipulation in the MDL.

{5} Following a hearing on the merits of Plaintiffs' motion for class certification, the district court certified a class composed of personal lines claims representatives, senior claims representative, and/or special claims representative who worked for FIE while in New Mexico between September 17, 2000, and the date the court approved notice to the class members is mailed. In their application for interlocutory review of the class certification, Defendants challenge certification of the class on two grounds: (1) the district court improperly relied on the class stipulation in the MDL without a separate finding that the Plaintiffs had satisfied each of the

elements required under Rule 1–023; and (2) the named Plaintiffs are not members of the purported class they seek to represent.

{6} Defendants ask us to grant the application for appeal, arguing that certification in this case was manifestly erroneous, will make settlement inevitable, and that our decision would resolve an unsettled legal issue that is important to the litigation and important in itself. Although we find this case inappropriate for interlocutory review, we take this opportunity to discuss for the first time in New Mexico the factors we will consider in granting or denying review of class certification decisions.

## II. DISCUSSION

{7} In 1998, Federal Rule of Civil Procedure, Rule 23(f), became effective, allowing the courts of appeals discretion to permit appeal of district court decisions granting or denying class action certification. Shortly thereafter, in 2000, New Mexico adopted Rule 1–023(F), mirroring the language of its federal counterpart. The federal decisions establishing guidelines under Rule 23(f) recognize the highly discretionary role of the courts of appeals to grant or deny these appeals. Looking to the advisory committee note for Rule 23(f), circuit courts emphasize that "[t]he court of appeals is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." *See, e.g., Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 833 (7th Cir.1999) (internal quotation marks and citation omitted). Further, the committee recommends that "[t]he courts of appeals [to] develop standards for granting review that reflect the changing areas of uncertainty in class litigation," explaining that "[p]ermission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." *See, e.g., Lienhart v. Dryvit Sys., Inc.,* 255 F.3d 138, 142 (4th Cir.2001) (alteration in original) (internal quotation marks and citation omitted). We find guidance in the body of federal case law on the issue as we work to establish a criterion for applying Rule 1–023(F) in New Mexico.

## A. Federal Circuit Standards

{8} In the first decision to apply Rule 23(f), the Seventh Circuit Court of Appeals chose not to invent a bright-line rule opting instead to craft an organic and experimental approach informed by the reasons that inspired the rule's adoption. *Blair,* 181 F.3d at 833–34. The court explained that the expansion of allowable, immediate appeals was needed to address three scenarios the advisory committee deemed appropriate for appellate review. *Id.* at 834. In the first scenario, known as a "death knell" case, an appeal may be appropriate for review where the denial of class certification effectively terminates the litigation because the individual claims are too insignificant to justify the expense of litigation. *Id.* In the second scenario, a mirror image of the "death knell" case, an appeal may be appropriate where the grant of class certification places irresistible pressure on the defendant to settle, regardless of the class's likelihood of success on the merits. *Id.* at 834–35. In the third scenario, the court explained that an appeal may be granted where it will greatly contribute to the development of the law of class actions. *Id.* at 835.

{9} Some courts have been reluctant to accept class certification appeals, describing them as "inherently disruptive, time-consuming, and expensive." *Prado–Steiman v. Bush,* 221 F.3d 1266, 1276 (11th Cir.2000) (internal quotation marks and citation omitted). Some courts' reluctance stems from the broad discretion district courts have to manage class actions and to reconsider their certification decisions throughout the litigation. *Id.* at 1276–77. However, the circuit courts that have addressed Rule 23(f) appeals all accept the factors articulated in *Blair* and continue to add further considerations. *See In re Lorazepam & Clorazepate Antitrust Litig.,* 289 F.3d 98, 105 (D.C.Cir.2002) (establishing that review is appropriate under the circumstances articulated in *Blair* and *Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288 (1st Cir.2000), but requiring that in a death knell scenario the certification decision be questionable, and adding an additional category of cases in which the certification decision is manifestly erroneous); *Lienhart,*

255 F.3d at 145–46 (elaborating on the approach of *Prado–Steiman,* viewing the five factors established in that case on a sliding scale with an eye toward the likelihood that the district court abused its discretion); *Prado–Steiman,* 221 F.3d at 1274–76 (adopting a balancing approach with guidance from *Blair* and *Mowbray* and adding two additional "guideposts": the nature and status of the litigation and the likelihood that future events would make immediate review more or less appropriate); *Mowbray,* 208 F.3d at 294 (adopting the categories in *Blair,* but restricting the third category to those cases in which the legal issue is important to the litigation at hand, important in itself, and is likely to escape end-of-the-case review).

{10} Notably, all the circuits have refused to create an exhaustive list of factors that would circumscribe the broad discretion granted the courts of appeal by Rule 23(f). *See, e.g., In re Delta Airlines,* 310 F.3d 953, 959 (6th Cir.2002) (stating that "not all factors can be foreseen or stated with particularity" and that "any pertinent factor may be weighed in the exercise of that discretion"); *Prado–Steiman,* 221 F.3d at 1276 (stating that "each relevant factor should be balanced against the others, taking into account any unique facts and circumstances").

### B. New Mexico Guidelines for Granting or Denying Appeals from Class Certification Decisions

■ {11} Armed with unfettered discretion and the experience of the federal circuits, we adopt the three factors articulated by the D.C. Circuit to generally guide our discretion when considering class certification appeals. *See Lorazepam,* 289 F.3d at 105. Thus, we will ordinarily grant review of class certification decisions where:

(1) when there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable, taking into account the district court's discretion over class certification; (2) when the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; and (3) when the district court's class certification decision is manifestly erroneous.

*Id.*

{12} We also emphasize that these factors are guidelines; not a rigid test. Specifically, when considering whether to grant these appeals, we will avoid "both micromanagement of complex class actions as they evolve in the district court and inhibition of the district court's willingness to revise the class certification for fear of triggering another round of appellate review." *Id.; Prado–Steiman,* 221 F.3d at 1273–74.

### C. Application of the New Mexico Guidelines

■ {13} With these guidelines in place, we return to the class action at hand and decline Defendants' application for appeal. In their application, Defendants argue that our decision would resolve an unsettled legal issue that is important to the litigation and important in itself, that certification will terminate the litigation and make settlement inevitable, and that class certification is manifestly erroneous.

### 1. Death Knell Situation

■ {14} There is no indication that the district court's certification of the class will sound the death knell for the litigation, resulting from irresistible pressure on Defendants to settle the matter. Under this consideration, we determine whether the defendant has made a sufficient showing "that the damages claimed would force a company of its size to settle without relation to the merits of the class's claims." *Lorazepam,* 289 F.3d at 108. FIE has been defending multiple class action suits throughout the country, and stipulated to the MDL. Defendants do not show why they will feel forced to settle this particular state litigation, while they are able to withstand and even voluntarily assume the pressure of the consolidated MDL.

{15} In connection with the death-knell factor, we will normally also look for error or a substantial weakness in the certification order. *See Blair,* 181 F.3d at 835 (recognizing the futility in granting review of a class certification decision that is "impervious to revision," even if the decision effectively terminates the litigation). However, because Defendants have not demonstrated that the death-knell factor is at work here, we do not address whether the order is erroneous under this factor.

## 2. Unsettled Question of Law

{16} Defendants urge us to accept their appeal in order to address the important legal question asking whether the district court could rely on a class stipulation approved in a separate proceeding to certify the class without performing the rigorous analysis required under Rule 1–023. In determining whether a legal issue should be resolved under this factor, we bear in mind the factually sensitive nature of class certification decisions, and the perhaps obvious caution that lack of case law applying Rule 1–023 in New Mexico can make it easy for a party to characterize a legal issue as novel or unsettled. *Prado–Steiman,* 221 F.3d at 1274.

{17} With the increase of class action suits, it may be important at some point to decide whether the district court has an independent obligation to examine Plaintiffs' compliance with the demands of Rule 1–023, even though defendants have stipulated to class certification under similar circumstances in other cases. *See Stirman v. Exxon Corp.,* 280 F.3d 554, 561–62 (5th Cir.2002) (stating that "[t]he party seeking certification bears the burden of demonstrating that the rule 23 requirements have been met," and that even if certification was stipulated to, the district court is bound to rigorously analyze the proposed class). In addition, it is possible that the issue may evade effective end-of-the-case review. *See Blair,* 181 F.3d at 837–38 (granting review in the recognition that "[q]uestions concerning the relation among multiple suits may evade review at the end of the case, for by then the issue will be the relation among (potentially inconsistent)

judgments, and not the management of pending litigation"). However, the parties have not briefed whether the issue may evade review, and there is an insufficient factual record for us to determine whether the parties in the MDL and the current litigation overlap or may be otherwise bound by the same judgment.

{18} In any event, we are not persuaded here that the issue is fundamental to the district court's decision to certify the class. In support of their allegation that the district court relied on the approved stipulation in the MDL, Defendants list a few questions asked by the district court concerning the arguments made to and accepted by the federal judge. *Cf. Balboa Constr. Co. v. Golden,* 97 N.M. 299, 304, 639 P.2d 586, 591 (Ct.App. 1981) (stating that a judge's oral statements do not constitute a decision, and "error may not be predicated thereon"). However, the district court's questions involving the MDL judge's decisions do not convince us that the district court failed or refused to rigorously analyze whether Plaintiffs satisfied their burden. The record provided indicates the district court rejected Plaintiffs' argument that the stipulation has preclusive effect on Defendants' challenge to class certification. Thereafter, Plaintiffs presented detailed arguments in favor of their compliance with Rule 1–023. Further, it is undisputed that the district court stated it had read all the briefs and other matters presented and had thoroughly considered them before deciding to certify the class. The record sufficiently demonstrates that the district court was advised of its obligation to independently evaluate the class and ruled on the merits of Plaintiffs' arguments under the Rule's requirements.

{19} Defendants also seem to assert that the district court's order certifying the class without any written findings is evidence that it did not engage in the rigorous analysis required of it. Of course, we encourage all district courts to request and enter factual findings to facilitate meaningful review. Findings are particularly useful for our determination of whether the law was correctly applied where a ruling is predicated upon factually intensive issues examined by us un-

der the deferential abuse of discretion standard. *See State v. Gonzales*, 1999–NMCA–027, ¶¶ 9–16, 126 N.M. 742, 975 P.2d 355. However, Rule 1–023 does not require that a class certification order contain findings of fact. More pertinently, if Defendants wanted to have findings and conclusions accompanying the order, they could have submitted their own and requested they be entered. *DeTevis v. Aragon*, 104 N.M. 793, 800, 727 P.2d 558, 565 (Ct.App.1986) (stating that "[t]he trial court must, if requested, adopt findings of fact resolving the material issues raised by the parties"). Defendants have not argued that the district court improperly refused such a request. In the absence of findings, we presume that the district court order is supported by the evidence. *Michaluk v. Burke*, 105 N.M. 670, 676–77, 735 P.2d 1176, 1182–83 (Ct.App.1987).

{20} For these reasons, we will not accept this appeal to address an issue of law that may be unsettled and fundamental to class actions, but is otherwise theoretical and not squarely presented by this case. *See State v. Garcia*, 2003–NMCA–045, ¶ 7, 133 N.M. 444, 63 P.3d 1164 (refusing to answer a hypothetical question of law that would have no practical effect on the litigation before it).

### 3. Manifestly Erroneous

{21} Under the manifest error guidelines, we will generally grant an appeal where the certification decision is virtually certain to be reversed on appeal from the final judgment. *See Lienhart*, 255 F.3d at 145–46. Under Rule 1–023(A), a district court may permit representative parties to sue on behalf of a class so long as:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact in common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

In addition to these prerequisites for certification—respectively known as numerosity, commonality, typicality, and adequacy of representation—the movants must prove, among other things, that proceeding as a class is superior to other methods of litigating. Rule 1–023(B). On appeal, Defendants challenge only the adequacy of representation, the representatives' typicality of the class, and the superiority of a class action for adjudicating Plaintiffs' claims.

### a. Adequacy of Representation

{22} Defendants argue that the representatives may not adequately represent the non-New Mexico residents who may be encompassed in the class definition. Defendants contend that the class definition accepted by the district court is identical to the class definition in the MDL and allows the potential for non-New Mexico residents to join the class. However, Defendants do not explain why the representatives will not adequately protect those potential non-residents of New Mexico who must have worked for FIE in New Mexico. The district court may have concluded that limiting the putative class to New Mexico residents was under-inclusive. *See Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 296 (5th Cir.2001) (stating that "the district court may choose one possible class definition over another in order to ensure that the requirements of Rule 23 are best satisfied").

{23} Granting review is disfavored where further discovery may change the scope and contour of the putative class because the district court is empowered to amend a class certification order at any time prior to reaching a decision on the merits. Rule 1–023(C)(1); *Prado–Steiman*, 221 F.3d at 1273. Defendants in this case admit they are currently unaware of the consequences of the class definition, and that only two depositions are complete in the discovery process, which currently has no deadline. Thus, it appears that further discovery can reveal any inadequacy in the representation of non-New Mexico residents if such exists. Therefore, the appeal is premature and inappropriate for immediate review of this claim.

{24} Defendants also argue that the representatives will inadequately protect the interests of persons who fit within the original

class as described in the complaint but who are now excluded. Defendants claim that all non-personal lines claims representatives are excluded from the class as a result of the district court's adoption of the MDL class definition. The class definition contained in the complaint included claims representatives, senior claims representatives, and/or special claims representatives, while the accepted MDL class definition consists of personal lines claims representatives in certain job codes that include personal lines claims representatives, senior claims representatives, and/or special claims representatives. Defendants do not clarify the difference among the claims representatives, if any, or explain who may be omitted from the class. Further, Defendants fail to offer us more detailed argument that the class may be under-inclusive or that Defendants are harmed thereby. Neither do Defendants explain how they argued the issue to the district court. Given the record presented to this Court, Defendants have not demonstrated that the district court manifestly erred in finding that the named representatives will provide adequate representation.

### b. Typicality

{25} Defendants argue that the representatives do not perform job duties that are typical of those performed by other members of the class. Defendants contend that Plaintiffs conceded that certain duties performed by some members of the named Plaintiffs differ from those of the class as certified. In their reply to Defendants' response to the class certification motion, Plaintiffs stated that their responsibilities and duties were similar to the certified classes, with the exception of four functions performed by some claims representatives in handling claims. However, Plaintiffs also argued that it was in the capacity of handling claims that Plaintiffs were expected to work overtime, for which they claimed entitlement to compensation.

{26} In this context, typicality speaks to the *claims* of the representatives: "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart,* 255 F.3d at 146 (internal quotation marks and citation omitted). Defendants do not contradict Plaintiffs' contention that the claims representatives, a job description under which all class members must fall, primarily handled claims for which work they were not paid overtime. Even assuming that the class representatives do not perform all of the same functions performed by all members of the class, it is payment for alleged overtime worked in handling claims that is at issue. Defendants fail to demonstrate how such differences in job duties would make the claims or defenses of the class representatives with regard to overtime compensation, significantly different from the claims and defenses of any class members.

{27} Defendants also argue that some claims representatives cannot assert the same claims because they are not entitled to overtime under an "executive or administrative" exemption found in the New Mexico overtime law. NMSA 1978, § 50–4–21(C)(2) (1983). In support, Defendants rely on federal regulations and a United States Department of Labor opinion letter interpreting a similar exemption in the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 213(a)(1) (1998) (exempting from wage laws those "employed in a bona fide executive, administrative, or professional capacity"); 29 C.F.R. § 541.205(c)(5) (2003) (listing claim agents and adjusters as bona fide administrative employees exempted under the FLSA). Defendants urged the district court to adopt the analysis set forth in the opinion letter for the application of the administrative employee exemption and to exempt the named Plaintiffs from the class.

{28} By so arguing, Defendants seek a preliminary merits hearing without a full development of the facts and claims. This is essentially an argument for summary judgment, and is inappropriate here. When class certification questions are particularly enmeshed with the merits of a case as here, immediate review is strongly disfavored. *In re Delta Air Lines,* 310 F.3d at 961. The district court is better positioned to decide the fluid and factually sensitive class certification questions, and "[w]e should err, if at all, on the side of allowing the district court an opportunity to fine-tune its class certifica-

tion order." *Prado–Steiman,* 221 F.3d at 1274.

#### D. Superior Method of Litigation

■ {29} Lastly, Defendants argue that proceeding with a class action is not the superior method of litigating because the class in the MDL will adjudicate the same claims under the same New Mexico law, which does not serve the interests of judicial economy. In their reply to Defendants' response to the class certification motion, however, Plaintiffs explained that the MDL plaintiffs are not currently prosecuting state law claims. Defendants do not dispute that the MDL judge issued an order suspending adjudication of the state law claims prior to a decision on the merits of the FLSA claims, in response to FIE's motion to dismiss the state law claims. Furthermore, it appears that the MDL action requires potential members to opt-in, and the deadline for individuals to do so has passed. On these facts, it appears that the certified class in this case may only obtain the relief it seeks under the New Mexico Wage Act by filing a separate state action. Therefore, to the extent that Defendants argue that this class action is not the superior method of litigation due to the MDL, we disagree.

{30} As a result, we refuse to grant review of Defendants' appeal on the grounds that the district court's certification of the class was manifestly erroneous.

### III. CONCLUSION

{31} For these reasons, Defendants' application for review of the district court order granting class certification is denied.

{32} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and MICHAEL D. BUSTAMANTE, Judges.