**Sandra CLARK, on behalf of herself and all others similarly situated, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE EXCHANGE, an insurer and owner of Mid–Century Insurance Company, and Mid–Century Insurance Company, a California corporation, Defendants–Appellees.**

No. 04CA1593.

Colorado Court of Appeals, Div. A.

Oct. 21, 2004.

The Carey Law Firm, Robert B. Carey, Leif Garrison, L. Dan Rector, Colorado Springs, Colorado; Todd Travis, P.C., Todd

Travis, Englewood, Colorado, for Plaintiff–Appellant.

Davis, Graham & Stubbs, LLP, Thomas P. Johnson, Andrea Wang, Denver, Colorado, for Defendants–Appellees.

CASEBOLT, J.

Plaintiff, Sandra Clark, on behalf of herself and all others similarly situated, has requested that we exercise our discretion pursuant to C.R.C.P. 23(f) and § 13–20–901(1), C.R.S. 2004, and accept an interlocutory appeal of the trial court's order denying class certification in her action against defendants, Farmers Insurance Exchange and Mid–Century Insurance Company (Farmers). Clark also requests that we stay the trial court proceedings during the pendency of the appeal. We dismiss the appeal without prejudice and determine the motion for stay is moot.

Beginning in May 2002, Farmers offered its no-fault automobile insurance customers the option of purchasing personal injury protection benefits at a reduced rate, provided that the customers agreed to use in-network health care providers through a preferred provider organization (PPO). For customers purchasing PPO coverage, Farmers imposed a $3,000 deductible when the insured used out-of-network health care providers. Later, Farmers began requiring PPO insureds using out-of-network providers to prove that they actually had paid the required deductible before it would pay any amount above that deductible. Farmers adopted the proof of payment requirement to avoid out-of-network providers who would absorb the $3,000 deductible themselves or "waive" the insured's obligation to pay that amount.

The Colorado Department of Insurance (DOI) initially approved the proof-of-payment requirement. However, on October 14, 2003, the DOI changed its position and concluded that the practice violated the provisions for prompt payment of benefits under the former No–Fault Act, § 10–4–701, et seq. (repealed in 2003). The DOI thereafter directed Farmers to pay any outstanding claims for which the fact and amount of the deductible had been shown, even if the deductible had not been paid. Farmers complied with the directive.

In the meantime, Clark, who is a Farmers PPO insured, had selected out-of-network health care treatment following an injury she sustained in an automobile accident. As it had with other PPO insureds, Farmers initially required Clark to pay, and prove that she had paid, the $3,000 deductible amount before Farmers would pay incurred health care expenses, but following the DOI directive, Farmers paid her outstanding claims.

Clark filed a complaint against Farmers, asserting that it wrongfully had required her and other Farmers PPO insureds to provide proof of actual payment to a provider before they would honor bills in amounts above the deductible amount. In her complaint, filed in October 2003, she sought to have the matter proceed as a class action.

Farmers filed a motion to deny class certification, which the trial court granted on July 30, 2004. The court noted that trial was set for November 29, 2004 and that C.R.C.P. 26 disclosures would soon be due. Further, it rejected Clark's contention that only she could bring the class certification issue before the court. It also rejected Clark's assertion that the motion was premature because discovery had not been completed, reviewed all documents and pleadings in the court's file, and held that Clark had not sustained her burden of showing that a class action should be certified.

Specifically, the court found that Clark had not provided any evidence of the class size, other than a suggestion that it might contain "at a minimum thousands." Farmers, however, presented evidence that the putative class contained only thirty-one similarly situated claimants. Therefore, the court found that Clark had failed to show that the class was so numerous that joinder of all parties was impractical. The court also found that Clark had failed to show that any damages suffered by other class members were similar to the damages she had suffered.

Clark then filed this application for interlocutory review of the trial court's denial of class certification pursuant to C.R.C.P. 23(f) and § 13–20–901(1).

We reject Clark's request to pursue an interlocutory appeal of the trial court's order denying class certification.

The decision whether to certify a class action lies within the discretion of the trial court and will not be disturbed unless it is clearly erroneous and an abuse of discretion. *Friends of Chamber Music v. City & County of Denver*, 696 P.2d 309, 317 (Colo. 1985). An abuse of discretion occurs only when the trial court's decision is manifestly arbitrary, unreasonable, or unfair, *Hock v. New York Life Ins. Co.*, 876 P.2d 1242 (Colo. 1994), or the court applies incorrect legal standards. *See Kuhn v. State Dep't of Revenue*, 817 P.2d 101 (Colo.1991).

Section 13–20–901(1) was adopted by the General Assembly effective July 1, 2003. It provides:

> A court of appeals may, in its discretion, permit an interlocutory appeal of a district court's order that grants or denies class action certification under court rule so long as application is made to the court of appeals within ten days after entry of the district court's order.

Section 13–20–901(1) has not yet been interpreted by any Colorado court. However, the statute is substantially similar to Fed. R.Civ.P. 23(f), which provides that a federal court of appeals has discretion to "permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order." Therefore, cases applying the federal rule are instructive. *See State v. Buckley Powder Co.*, 945 P.2d 841 (Colo.1997); *Higley v. Kidder, Peabody & Co.*, 920 P.2d 884 (Colo.App. 1996).

The advisory committee notes to the federal rule state that federal courts of appeal have unfettered discretion in authorizing interlocutory appeals of such orders, noting that permission is most likely to be granted when (1) the certification decision turns on a novel or unsettled question of law, or (2) as a practical matter, the decision on certification is likely dispositive of the litigation.

Numerous federal circuits and some state courts have addressed the standards that should be employed in exercising the discretion granted. The parties assert, and we agree, that the cases have adopted similar lists of factors for the appellate court to consider. We perceive that the five-factor test outlined in *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir.2000), is the most inclusive and helpful in determining how to exercise our discretion.

The first factor, commonly known as the "death knell" factor, asks whether the trial court's ruling is likely dispositive of the litigation because either it effectively prevents the plaintiff from continuing to pursue the matter in that the stakes are too low, or it places the defendant in such a position that it would experience irresistible pressure to settle.

The second factor is described as the substantial weakness factor. When applying this factor, we evaluate whether the appellant has shown that the trial court's class certification decision likely constitutes an abuse of discretion.

Third, courts should consider whether allowing the appeal will permit resolution of an unsettled legal issue that is important to the particular litigation, as well as important in itself.

Fourth, courts should consider the nature and status of the litigation before the trial court. The propriety of granting or denying class certification, as well as the proper scope of any class that has been certified, may change significantly as new facts are uncovered through discovery. Similarly, a limited or insufficient record may adversely affect the appellate court's ability to evaluate fully and fairly the class certification decision. Moreover, a trial court's ruling on dispositive motions or a motion to add new class representatives, parties, or claims may significantly redefine the issues in the case and thereby affect the scope of or need for a class. Accordingly, a court may consider the status of discovery, the pendency of relevant motions, and the length of time the matter already has been pending.

Fifth, courts should consider the likelihood that future events could make immediate appellate review more or less appropriate.

Such considerations may include settlement negotiations or a change in the financial status of a party, such as a bankruptcy filing. If the case is likely to be one of a series of related actions, then early resolution of a dispute about the propriety of certifying a class may facilitate the disposition of future claims. Also significant is whether the trial court has indicated that it views its class certification decision as conditional or subject to revision. *See also Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154 (3d Cir.2001); *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138 (4th Cir.2001); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288 (1st Cir.2000); *Gordon v. Microsoft Corp.*, 645 N.W.2d 393 (Minn.2002); *Salcido v. Farmers Ins. Exch.*, 134 N.M. 797, 82 P.3d 968 (N.M.Ct.App.2003).

■ These factors are guideposts and are not exclusive, nor is any one necessarily determinative. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98 (D.C.Cir.2002); *Gordon v. Microsoft Corp.*, *supra*. Special compelling circumstances may exist that require a different result apart from application of the listed factors alone. *Prado–Steiman ex rel. Prado v. Bush*, *supra*.

## I.

■ The most important consideration is whether the trial court's order is likely to dispose of the litigation, thereby sounding a "death knell" for either the plaintiff or the defendant. *See Prado–Steiman ex rel. Prado v. Bush*, *supra*. Clark has the burden to show that she fits within this category. *See In re Delta Air Lines*, 310 F.3d 953 (6th Cir.2002).

■ Here, the trial court's order does not have such an effect. Clark's individual claims are not so small in amount or character that the trial court's order effectively prevents her from continuing to pursue the matter because the stakes are too low without class certification. Clark has asserted claims for bad faith breach of an insurance contract, willful and wanton breach of contract, and statutory bad faith. She seeks damages for failure to pay benefits, noneco-

nomic damages, including damages for stress and disruption of her relationship with her health care providers, and exemplary damages. If proved, these damages could be quite substantial. *See Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409 (Colo.2004)(plaintiff in bad faith case may recover noneconomic damages such as emotional distress, pain and suffering, inconvenience, fear and anxiety, and impairment of the quality of life, as well as punitive damages); *Giampapa v. Am. Family Mut. Ins. Co.*, 64 P.3d 230 (Colo.2003)(recounting large verdict for bad faith claimant).

Further, Clark admits that she "fully intends on litigating this case to the conclusion regardless of whether she proceeds on behalf of a class or individually."

Accordingly, we conclude that the trial court's order does not sound the death knell of this case.

## II.

We do not perceive a substantial weakness in the trial court's order such that the decision likely constitutes an abuse of discretion.

■ A substantial weakness may exist, for example, when the trial court expressly applies the incorrect C.R.C.P. 23 standard, or overlooks directly controlling precedent. *See Prado–Steiman ex rel. Prado v. Bush*, *supra*; *Kuhn v. State Dep't of Revenue*, *supra*. In such circumstances, immediate appellate review may be necessary "to spare the parties and the district court the expense and burden of litigating the matter to final judgment only to have it inevitably reversed." *Prado–Steiman ex rel. Prado v. Bush*, *supra*, 221 F.3d at 1274.

Clark propounds three arguments to support her contention that the trial court likely abused its discretion. She claims that (1) the court was required to apply the standard of review that is applicable to a C.R.C.P. 12(b)(5) motion to dismiss, accepting as true the allegations of her complaint, and was not permitted to look beyond that document; (2) the court was required to allow full class discovery before denying class certification; and (3) the court should not have declared her declaratory relief claim moot based on

Farmers' change of policy and behavior after suit was filed. We address and reject each contention in turn.

### A.

■ In determining whether class certification requirements have been met, it is often necessary to analyze the substantive claims and defenses of the parties. *See Joseph v. Gen. Motors Corp.,* 109 F.R.D. 635 (D.Colo.1986). This analysis may include consideration of the merits of the claims, *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), but without actually deciding them. *See Love v. Turlington,* 733 F.2d 1562 (11th Cir.1984); *see also Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672 (7th Cir.2001)(in determining class certification under Fed.R.Civ.P. 23, trial court should make whatever factual or legal inquiries are necessary; court not required to accept allegations of complaint as true); *Ammons v. Am. Family Mut. Ins. Co.,* 897 P.2d 860 (Colo.App.1995)(in context of determining class certification, court addressed whether the amount the Internal Revenue Service permits as a business deduction for automobile expenses is a "reasonable and necessary" amount under the No–Fault Act, even though the assertion was directed more to the merits of the action than certification as a class action).

■ Here, the trial court examined all the material in the court file and apparently declined to accept the allegations of Clark's complaint as true. In light of the above standards, we conclude that the court acted properly in doing so.

### B.

Concerning discovery, C.R.C.P. 23(c)(1) states, "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The rule goes on to state that the court may alter or amend its order before a decision on the merits.

■ Generally, litigants should be afforded the opportunity to present evidence as to whether a class action is maintainable, which implies that a plaintiff has been able to undertake sufficient discovery. However, a plaintiff may not rely on the theory that discovery and an evidentiary hearing are a matter of right without making a minimal showing that the C.R.C.P. 23 criteria have been met. *See Levine v. Empire Sav. & Loan Ass'n,* 40 Colo.App. 285, 579 P.2d 642 (1977), *aff'd,* 197 Colo. 293, 592 P.2d 410 (1979).

■ Here, the action was filed in October 2003. Clark in fact undertook discovery. The motion to deny class certification was filed on May 24, 2004. The court's order was entered on July 31, 2004. It appears the court gave Clark adequate time to propound discovery, especially given the directive of C.R.C.P. 23 that it was to consider the issue of certification "as soon as practicable."

■ Moreover, the trial court noted that if future discovery warranted revisiting the issue, it would allow either party to file an appropriate motion. Thus, it did not preclude further discovery on this issue. Furthermore, an indication by the district court that it will reexamine the certification decision following discovery should weigh against accepting an interlocutory appeal. *In re Delta Air Lines, supra.*

In addition, even if this factor were to weigh in favor of granting appellate review, it would not, by itself, override the balance of the remaining factors. *See Prado–Steiman ex rel. Prado v. Bush, supra.*

### C.

Concerning Clark's contention that the trial court found her declaratory judgment claim moot, we disagree. The court's order does not address that claim.

For these reasons, we do not perceive a substantial weakness in the trial court's order such that the decision likely constitutes an abuse of discretion.

### III.

We reject Clark's contention that allowing the appeal will resolve any unsettled legal issue that is important to this particular litigation.

An unsettled legal issue may be one that is of moment yet is "likely to escape effective review if left hanging until the end of the

case." *Waste Mgmt. Holdings, Inc. v. Mowbray, supra,* 208 F.3d at 294.

Alternatively, the issue might be one as to which an appellate ruling sooner rather than later will substantially assist the bench and bar, as may be the case when an issue is arising simultaneously in related actions involving the same or similarly-situated parties or is one that seems likely to arise repeatedly in the future. The fact that the lawsuit involves a governmental entity, or has a strong public interest component, may also lend the issue particular importance and urgency.

*Prado–Steiman ex rel. Prado v. Bush, supra,* 221 F.3d at 1275.

Here, Clark suggests only that without class certification, Farmers may revert to its earlier, allegedly illegal, practice of requiring proof of payment. But such a result is unlikely, given the DOI directive. However, even if we were to accept this assertion as true, we cannot see how such future actions by Farmers could affect Clark's claims or the case of the putative class.

### IV.

We also reject Clark's contentions that the fourth and fifth factors, that is, the nature and status of the litigation before the trial court and the likelihood of future events, make immediate appellate review appropriate. There are no compelling facts concerning these factors. The trial court has stated that it may reconsider the issue of class certification. Thus, the fact that the case is, as Clark describes it, "in its infancy" does not require interlocutory review.

Therefore, we decline to allow the interlocutory appeal and dismiss the appeal without prejudice.

### V.

In view of this disposition, the request for stay of proceedings is moot.

The appeal is dismissed.

Judge ROY and Judge CARPARELLI concur.