This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                      **NO. 30,198**

**ANTHONY LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Sigmund L. Bloom
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

In metropolitan court, Defendant entered a conditional guilty plea to first offense DWI, reserving the right to appeal the denial of his motion to dismiss the charges. The district court affirmed the metropolitan court's sentencing order, and Defendant appeals. We issued a notice of proposed summary disposition, proposing

to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain persuaded that there was no error in denying dismissal of the complaint. We therefore affirm.

On appeal, Defendant contends that the trial court erred by denying his motion to dismiss the criminal complaint, because the arresting officer did not sign the complaint and therefore it was not a sworn statement. [DS 4] Rule 7-201(A)(1) NMRA requires that a criminal action be initiated by the filing of a complaint that is a sworn statement containing various information about the alleged offense. As we observed in our notice, however, defects or omissions in a "complaint or citation shall not be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected, because of any defect [or] omission . . . therein which does not prejudice the substantial rights of the defendant upon the merits." Rule 7-303(A) NMRA. We stated that *even assuming* the officer's hand-printed name on the complaint did not constitute a signature, there was no evidence in the record or in Defendant's docketing statement indicating that this defect or omission prejudiced his defense on the merits. [RP 59-60] Without a showing of prejudice, we proposed to affirm. *See* Rule 7-303(D) NMRA ("No appeal, or motion made after verdict, based on any such defect [or] omission . . . shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in the defendant's defense on the merits.").

In response to our notice, Defendant makes two arguments. First, he argues that he did not need to show prejudice until the matter is remanded to the metropolitan court for withdrawal of his plea, because the issue decided by the metropolitan court and reserved by his plea was whether the officer's printed name on the complaint could constitute a signature. [MIO 3-5] Defendant continues to make no argument that he was prejudiced by the officer's failure to place a proper signature on the complaint. *See In re Estate of Heeter*, 113 N.M. 691, 695, 831 P.2d 990, 994 ("On appeal, error will not be corrected if it will not change the result."). Also, Defendant makes no argument that the rule is ambiguous as to the requirement of a prejudice showing, and it is a clear requirement. To the extent that Defendant argues we need published case law to draw the bar's attention to the rule, we disagree, and we disagree that it is less effective without case law. [MIO 4] Defendant's argument requests a second chance to comply with a clear, existing rule of criminal procedure and make the correct challenge in metropolitan court without even demonstrating that he could correctly challenge the complaint. "He essentially contends that he was ignorant of the law, a theory Defendant cannot successfully advocate." *State v. Rivera*, 2009-NMCA-132, ¶ 37, 147 N.M. 406, 223 P.3d 951, *cert. denied*, 2009-NMCERT-011, 147 N.M. 463, 225 P.3d 793.

3

Second, Defendant argues that regardless of the mandates of the rule, permitting an officer to file unsworn statements defeats the requirements of probable cause in violation of due process. [MIO 5-7] Defendant does not argue that the criminal complaint was not supported by probable cause, however. *See Schlieter v. Carlos*, 108 N.M. 507, 510, 775 P.2d 709, 712 (1989) ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so."). To the extent that Defendant's argument implies that we should ignore the Supreme Court's rule, we will not do so. We are not persuaded by Defendant's dire characterization of the consequences of the Supreme Court's rule. Rule 7-303(A) is aimed at technical challenges to a criminal complaint; it does not preclude challenges to deficiencies that "prejudice the substantial rights of the defendant upon the merits." Rule 7-303(A). Again, Defendant makes no assertion or showing that there was prejudice to his substantial rights on the merits of the complaint. We will not "act outside [our] authority by issuing an advisory opinion that would have no practical effect on the litigation that [i]s before [us]." *State v. Garcia*, 2003-NMCA-045, ¶ 7, 133 N.M. 444, 63 P.3d 1164 (filed 2002).

For these reasons, we are not persuaded to remand to withdrawal of Defendant's plea. Based on the discussion set forth above and in our notice, we affirm.

**IT IS SO ORDERED.**

4

 

 

 

_____<br>
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

 

 

_____<br>
**JAMES J. WECHSLER, Judge**

 

 

_____<br>
**MICHAEL D. BUSTAMANTE, Judge**