This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SARAH OGLE,**

Petitioner-Appellee,

v.                                                             **NO. 33,278**

**JOHN BARNCASTLE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Sarah Ogle
Peralta, NM

Pro se Appellee

John Barncastle
Albuquerque, NM

Pro se Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Respondent appeals the district court's entry of an order of protection on behalf of Petitioner. We issued a calendar notice proposing to affirm the district court's decision, and Respondent has responded with a memorandum in opposition, a motion

to supplement the record proper, and a notice of errata for the memorandum in opposition. We have carefully reviewed Respondent's submissions. However, for the reasons stated herein and in the calendar notice, we deny the motion to supplement the record proper and affirm the entry of the order of protection.

{2}     We first address the motion to supplement. Respondent asks that the record proper be supplemented with the transcript of the proceedings held in district court. However, under our rules of appellate procedure, a transcript is not filed unless a case is assigned to a non-summary calendar. *See* Rule 12-210 NMRA. This case has not been so assigned; therefore, the motion to supplement the record proper is denied.

{3}     In his memorandum in opposition, Respondent complains that this Court should not have grouped a number of issues set out in the docketing statement into one over-arching issue, the sufficiency of the evidence supporting the order of protection. Respondent states that it is "respectfully demanded" that his issues be addressed one at a time. We respectfully refuse that demand. Several of the issues raised by Respondent concern oral comments allegedly made by the district court, such as the following: (1) there is no harm in issuing an order of protection; (2) it is acceptable to issue such orders to protect people who feel at risk; (3) the court tries to err on the side of granting such orders to give petitioners some sense of security; and (4) the court "enslaved" Respondent by ordering him to appeal the decision so that case law

could be created to assist the court in future cases. **[MIO unnumbered pages 2-4]** However, oral comments such as these are not grounds for reversal; instead, we review the evidence to determine whether the district court's ultimate decision is supported by that evidence. *See State v. Garcia*, 2003-NMCA-045, ¶ 6, 133 N.M. 444, 63 P.3d 1164; *State v. Duarte*, 1996-NMCA-038, ¶¶ 20, 21, 121 N.M. 553, 915 P.2d 309. That is why the calendar notice grouped these issues under the sufficiency-of-the-evidence rubric.

{4}     We note in addition that despite Respondent's claim that certain other issues do not implicate the sufficiency of the evidence, they plainly do. Respondent maintains that Petitioner failed to state a claim for an order of protection in her petition, and failed to provide evidence documenting any domestic abuse or domestic violence. **[MIO unnumbered page 2]** He also contends the order of protection was issued only on the basis of Petitioner's feelings, not on any violation of the applicable law, and that it was issued as a "break-up mechanism." **[*Id.* pp. 2-5]** These are simply sufficiency-of-the-evidence issues; if there was evidence supporting the issuance of the order of protection, these issues cannot be the basis of reversal and therefore they are answered by examining the evidence presented in this case. We therefore maintain our grouping of the multiple issues into one issue that determines whether sufficient evidence was presented to support issuance of the order of protection.

**{5}** During our discussion of the sufficiency question, we noted that Respondent had claimed that Petitioner committed perjury in her testimony. Respondent now denies making such a claim. **[*Id.* p. 5]** However, in the motion for reconsideration Respondent filed below, he stated that Petitioner "blatantly committed perjury at the hearing held on August 12, 2012 . . ." **[RP 33]** It is impossible to construe this as anything other than an accusation that Petitioner committed perjury, and we do not understand how Respondent can now claim that he made no such accusation.

**{6}** Respondent's final argument is based on a complete misunderstanding of our calendar notice. He contends that we introduced an allegation of criminal harassment or criminal telephone harassment and somehow charged him with such an offense. **[MIO unnumbered p. 6]** We did no such thing. The calendar notice clearly cites the criminal statute, NMSA 1978, Section 30-3A-2(A) (1997), only as a guide for determining what the legislature intended when it used the terms "harassment" and "telephone harassment" in the applicable domestic-violence statute. NMSA 1978, § 40-13-2(D). We have in no way charged Respondent with any type of crime.

**{7}** Respondent's memorandum in opposition does not mention the evidence we cited in the calendar notice, which supported the district court's issuance of the order of protection. Therefore, based on that evidence, the above discussion, and the analysis contained in the calendar notice, we affirm the district court's decision.

**{8}**     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**