**Certiorari Denied, January 7, 2010, No. 32,112**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-019**

**Filing Date: November 17, 2009**

**Docket No. 29,551**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**LEON PAUL SPILLMAN, JR.,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Linda Yen, Assistant Public Defender
Albuquerque, NM

for Appellant

**OPINION**

**VIGIL, Judge.**

**{1}** The question presented in this appeal is whether a defendant may attack the validity of a metropolitan court plea for the first time in an on-the-record appeal to the district court. We conclude that because the district court sits as an appellate court in an on-the-record appeal, any challenge to a plea must first be made in the metropolitan court. Defendant did not. We therefore affirm the district court judgment that denied review of Defendant's appellate claim.

1

## BACKGROUND

**{2}** Defendant was charged in the metropolitan court with battery against a household member in violation of NMSA 1978, Section 30-3-15 (2007) (amended 2008). While represented by the public defender's office, Defendant pled no contest to the charge in metropolitan court pursuant to a plea and disposition agreement, and sentence was imposed consistent with the agreement. Defendant then appealed to the district court pro se. *See* NMSA 1978, § 34-8A-6(C) (1993) (providing that a party aggrieved by a judgment rendered by the metropolitan court in a criminal action involving domestic violence may appeal to the district court of the county in which the metropolitan court is located); Rule 7-703(A) NMRA ("A party who is aggrieved by the judgment or final order in a criminal action may appeal, as provided by law, to the district court of the county within which the metropolitan court is located.").

**{3}** After Defendant filed the notice of appeal pro se, he re-qualified for representation by the public defender's office. Defendant's public defender then filed a "Motion to Determine Status of Appeal" in the district court. Therein counsel acknowledged that generally, a person who has entered a valid plea of guilty or no contest in metropolitan court is not an "aggrieved party" entitled to appeal to district court. *See State v. Ball*, 104 N.M. 176, 185, 718 P.2d 686, 695 (1986). However, counsel noted that it appeared Defendant was asserting on appeal that he did not fully understand the basis of his plea and that he was not advised at the time of his plea that he was giving up his right to appeal. The district court noted that this was an on-the-record appeal and ordered statements of appellate issues be filed limited to the assertion that Defendant did not understand the basis of his plea. *See* § 34-8A-6(C) (providing that the metropolitan court is a court of record for criminal actions involving domestic abuse); Rule 7-706 NMRA (providing that in an on-the-record appeal, the parties shall file a statement of appellate issues in the district court setting forth their contentions on appeal).

**{4}** After the parties filed their respective statement of appellate issues, the district court filed a memorandum opinion and judgment rejecting Defendant's claim and affirmed his conviction. The district court ruled that Defendant was required to preserve his claim that the plea was invalid in the metropolitan court and declined to grant relief. Defendant now appeals, continuing to contest the validity of his plea. *See* Rule 7-703(R) (providing that an aggrieved party may appeal from a judgment of the district court to the Supreme Court or Court of Appeals as provided by law).

## DISCUSSION

**{5}** This case presents a twist on *State v. Gallegos,* 2007-NMCA-112, 142 N.M. 447, 166 P.3d 1101. In *Gallegos,* the defendant entered a no contest plea in magistrate court and then appealed to district court claiming that his plea was invalid. *Id.* ¶¶ 2-3. We held that, under those facts, it was proper for the district court to hold an evidentiary hearing to determine for itself if the plea was valid. *Id.* ¶¶ 11, 13, 16, 19. Our reasoning was that while a defendant may not appeal after a valid no contest or guilty plea, the district court must still determine whether it has jurisdiction. *Id.* ¶¶ 9, 18. If the district court concludes that the plea is valid, then the defendant is not an aggrieved

party entitled to bring a de novo appeal to the district court, and the district court must dismiss the appeal. *Id*. ¶¶ 16,18-19.

**{6}** This appeal is distinguishable from *Gallegos. Gallegos* involved a plea in magistrate court, and then a de novo appeal to the district court. *Id*. ¶ 1. In contrast, this case involves a plea in metropolitan court, and an on-the-record appeal to district court. Thus, the district court in this case does not sit in the same capacity as the district court in *Gallegos*. Instead, in an on-record appeal, the district court is the equivalent of an appellate court. Appellate courts do not typically hold evidentiary hearings to determine whether a plea is valid. Therefore, we conclude that if Defendant wanted to challenge the validity of his plea, the issue had to be presented in metropolitan court in the first instance. *See State v. Andazola,* 2003-NMCA-146, ¶ 25, 134 N.M. 710, 82 P.3d 77 (holding that if the defendant fails to file a motion in the trial court to withdraw his plea, he cannot attack it for the first time on appeal). Because Defendant's on-the-record appeal constituted an attempt to attack his plea for the first time on appeal, the district court was without authority to address his appellate contention because it was not preserved for appellate review by being presented to the metropolitan court in the first instance.

**{7}** The district court judgment that denied review of Defendant's appellate claim and affirmed the judgment of the metropolitan court is affirmed.

**{8}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**

**Topic Index for *State v. Spillman*, No. 29,511**

| **AE** | **APPEAL AND ERROR** |
| AE-PA | Preservation of Issues for Appeal |
| AE-RA | Record on Appeal |

| **CL** | **CRIMINAL LAW** |
| CL-DO | Domestic Violence |

| **CA** | **CRIMINAL PROCEDURE** |
| CA-NP | Nolo Contendere Plea |

CA-PP Plea and Plea Bargaining

**JD** **JURISDICTION**
JD-AI Appellate Jurisdiction
JD-CG Courts of Limited Jurisdiction, General
JD-DC District Court
JD-ME Metropolitan Court