**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-089**

**Filing Date: September 3, 2010**

**Docket No. 29,425**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**EUGENE BEGAY,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Francine A. Chavez, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**CASTILLO, Judge.**

**{1}**     The district court reversed the magistrate court's order revoking Defendant's probation and remanded the case to the magistrate court for a full hearing on the probation revocation. Defendant appeals, and we reverse. The district court erred in failing to conduct a de novo hearing on the revocation and in remanding for an additional hearing at the magistrate court level on this issue. We remand for a de novo hearing by the district court consistent with this opinion.

1

## I.    BACKGROUND

### A.    Proceedings in Magistrate Court

**{2}**    Defendant was convicted of DWI, third offense, and was sentenced to 364 days of incarceration with 306 suspended, followed by a twenty-eight-day stay at a treatment facility, and then 364 days of supervised probation including an unspecified aftercare program.  An aftercare contract was signed by Defendant and filed with the magistrate court specifying that Defendant would receive outpatient treatment from the Salvation Army Adult Rehabilitation Program (Salvation Army Program).  After completing a large portion of the Salvation Army Program, Defendant was terminated.  On November 20, 2008, Don Teel, the adult rehabilitation program residence manager for the Salvation Army Program, sent a letter addressed "To Whom it May Concern" indicating that on November 19, 2008, Defendant was terminated from the Salvation Army Program for non-compliance with the established program policy.  The letter alleged violations including "[d]isrespecting staff[,] giving false statement implicating another beneficiary of misconduct[, and] giving false statement on conduct report write[-]up."   On the face of the letter, there is what appears to be a photocopied post-it note to "Ethan" from "Traci" indicating that Teel had died on December 27.

**{3}**    Defendant's probation was revoked in magistrate court on January 6, 2009, and  he was sentenced to 265 days in jail.  Defendant appealed the probation revocation to district court.

### B.    Proceedings in District Court

**{4}**    At the initial hearing in district court held on February 17, 2009, Defendant argued that the magistrate court revoked his probation without an evidentiary basis and that he was denied a full hearing.  The State did not have enough information to respond and requested the probation violation paperwork from Defendant.  The court also requested the paperwork and requested that Defendant identify the issues on appeal.

**{5}**    The next day, Defendant filed a motion to re-examine revocation of probation. He argued that his probation should not have been revoked because he did not violate any of the conditions of probation.  He claimed that his attendance in the Salvation Army Program was entirely voluntary and, as it was not ordered by the magistrate court, his premature termination from the program did not violate a condition of probation.  Defendant also argued that there was insufficient evidence regarding his termination from the Salvation Army Program to establish a violation of his probation to a reasonable certainty.  He stated his position that the only evidence introduced at the revocation hearing in magistrate court was the hearsay evidence of unverified facts consisting of Teel's letter.  He argued that the hearsay evidence was particularly unpersuasive because it consisted of only a conclusion of misbehavior, not a "narrative of specific events."

**{6}**    The district court conducted a hearing on March 2, 2009.  The State conceded that the only evidence supporting termination was Teel's letter, which was hearsay. Although the

State and district court determined that there had not been a full hearing in magistrate court, Defendant informed the court that he was not seeking a remand for another hearing because there was no evidence for the State to present. He further asserted that a remand was unwarranted because he was entitled to a new probation revocation hearing in district court because this was a de novo appeal. The State disagreed because there had yet to be a full hearing in magistrate court.

**{7}** The district court found that the propriety of the revocation was questionable because there appeared to be no admissible evidence to support the magistrate court's findings. The district court also found that Defendant was not entitled to a de novo hearing on the probation revocation so it issued an order remanding to the magistrate court for a new hearing on the probation revocation. It orally indicated that the magistrate court should be instructed not to take hearsay into account in redetermining whether Defendant violated his probation, but there is nothing in the order so stating.

**{8}** In its order of remand and mandate, the district court included findings that: (1) Defendant was not entitled to a de novo hearing on the revocation of probation because a revocation hearing is not a trial; (2) the parties stipulated that revocation was based on Teel's letter of November 20, 2008, and that Teel had died prior to the hearing; (3) the parties' stipulations call into question the propriety of the evidence used at the revocation hearing; and (4) there appeared to be no appropriate evidence to support the revocation.

**{9}** Defendant appealed to this Court, and the parties were specifically instructed to brief two questions: (1) when is an order on probation revocation subject to de novo review and when is such an order subject to on-record review, and (2) which magistrate and/or district court rules apply to appeals of probation revocation orders.

## II.    DISCUSSION

### A.    Finality

**{10}** The State contends that Defendant's appeal is improper because the order remanding to the magistrate court is not a final order for purposes of appeal. We disagree.

**{11}** "In general, the right to appeal is restricted to final judgments and decisions." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 119 N.M. 29, 33, 888 P.2d 475, 479 (Ct. App. 1994) (citing NMSA 1978, § 39-3-2 (1966)), *rev'd on other grounds by* 1999-NMSC-050, 126 N.M. 413, 970 P.2d 599. A final order is commonly defined as an order that decides all issues of fact and law necessary to be determined or which completely disposes of the case to the extent the court had the power to dispose of it. *See B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985). However, finality "is to be given a practical, rather than a technical, construction." *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993); *see State v. Apodaca*, 1997-NMCA-051, ¶ 15, 123 N.M. 372, 940 P.2d 478 (recognizing that "the constitutional right to appeal must be given a practical construction").

3

**{12}**    The State notes that the district court's order does not address sentencing, and the State asserts that the district court remanded the case to the magistrate court so that Defendant could be afforded a full hearing in accordance with Rule 6-802(C) NMRA and NMSA 1978, Section 31-21-15(B) (1989).  It then argues that the district court's order is not sufficiently final because Defendant is awaiting a new hearing consistent with the order of remand, and the outcome of the State's motion to revoke probation has yet to be determined. We are unpersuaded that the district court's order is not final.

**{13}**    "Ordinarily, an order remanding a case for further proceedings in a lower court is not considered 'final' for purposes of appeal." *State v. Ahasteen*, 1998-NMCA-158, ¶ 11, 126 N.M. 238, 968 P.2d 328.  The rationale is that, after remand, the appellant has another opportunity to obtain review in the district court and then in this Court.  *See id.*  However, this rationale does not apply in a case such as this one where dismissal of Defendant's appeal for lack of finality would in effect deny the appeal on its merits.  *Id.* ¶ 12.

**{14}**    Assuming that Defendant is correct and that he is entitled to a de novo hearing in district court—an issue addressed in the following section of this opinion—then the order remanding for a new hearing is in error, and Defendant should not be subject to another revocation hearing at the magistrate court level.  *See generally id.* ¶¶ 12-20 (holding that the district court's order refusing to exercise jurisdiction and remanding to the magistrate court for trial was sufficiently final for purposes of appeal and then determining that the remand was in error); *cf. Collado v. N.M. Motor Vehicle Div.*, 2005-NMCA-056, ¶ 6, 137 N.M. 442, 112 P.3d 303 (recognizing an exception to the general rule that an order of remand is not sufficiently final for purposes of appeal pursuant to the doctrine of practical finality "if the party opposing remand would be unable to have the propriety of the remand heard at a later date"); *Apodaca*, 1997-NMCA-051, ¶ 16 (holding that the defendant could appeal the district court's order granting a new trial because his "right not to be subjected to a second trial for the same offense could not be remedied once the second trial has taken place").  Therefore, because finality depends upon the very question at issue in this case, whether Defendant is entitled to a de novo hearing in district court on the State's motion to revoke his probation, we apply the doctrine of practical finality in this case and proceed to the merits of Defendant's appeal.  *See Ahasteen*, 1998-NMCA-158, ¶ 13 (applying the doctrine of practical finality to allow an appeal from an order of remand).

## B.    Merits

**{15}**    The question of whether Defendant is entitled to a de novo hearing in district court on the State's motion to revoke his probation requires us to interpret and apply Rule 6-802(D) and, as such, presents a question of law that we review de novo.  *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824 ("We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts[.]").

**{16}**    Rule 6-802(D) provides:

The decision of the court to revoke probation may be appealed to the district

court as otherwise provided in these rules. The only issue the district court will address on appeal will be the propriety of the revocation of probation. The district court shall not modify the sentence of the magistrate court.

The State acknowledges that multiple authorities provide that appeals from magistrate court are subject to de novo review, except as otherwise provided by law. *See, e.g.*, N.M. Const. art. VI, § 27 ("Appeals shall be allowed in all cases from the final judgments and decisions of . . . inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law."); NMSA 1978, § 39-3-1 (1955) ("All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law."); NMSA 1978, § 35-13-2(A) (1996) ("Appeals from the magistrate courts shall be tried de novo in the district court."); Rule 6-703(J) NMRA ("Trials upon appeals from the magistrate court to the district court shall be de novo."). However, the State argues that this authority should be interpreted as only applying to de novo trials as opposed to special proceedings such as a probation revocation hearing which, the State contends, may only be reviewed for errors of law. We reject this contention.

**{17}** First, there is nothing in the language of Rule 6-802(D) or any other rule or statute specifically providing that the district court only reviews probation revocation orders for errors of law. To the contrary, as previously stated, numerous rules and statutes provide that appeals to district court are de novo unless some rule or provision of law specifically states otherwise. We are not aware of any such contrary provision; there is no other standard of review indicated in Rule 6-802(D), and there is no other rule supporting the State's position that the district court was correct in holding "a deferential hearing on the magistrate court's ruling." *See State v. Garcia*, 2003-NMCA-045, ¶ 5, 133 N.M. 444, 63 P.3d 1164 (filed 2002) (observing that "[t]he only law of which we are aware indicates that magistrate court appeals to district court are to be heard by trial de novo").

**{18}** Likewise, we are not convinced that the inability of the district court to alter the sentence or the limitation on its review to the propriety of the revocation impacts Defendant's right to a de novo hearing on the propriety of the revocation. *See* Rule 6-802(C) (outlining the magistrate court's probation and sentencing options once a probation violation is established); Rule 6-802(D) (stating that when reviewing a probation revocation on appeal, the district court may not modify the sentence of the magistrate court). To the contrary, we interpret the limitation as merely reflecting that the district court's review of the propriety of a probation revocation does not warrant the additional exercise of its discretion to determine the effect of that revocation on sentencing. It recognizes that, unless the district court disagrees with the magistrate court's revocation decision, the latter court's decision as to the effect of revocation on sentencing should be allowed to stand. *See State v. Gallegos*, 2007-NMCA-112, ¶ 21, 142 N.M. 447, 166 P.3d 1101 (noting that a common sense approach should be taken when "determining the jurisdiction of the district court to entertain de novo appeals").

**{19}** Although this case presents an issue of first impression in that it requires us to interpret Rule 6-802(D), we are guided by previous cases establishing that when a court is

not of record, de novo review is necessary. For example, although the State contends that this Court's opinion in *Foster* supports its position, we disagree. In *Foster*, we noted that "[w]hether a lower court is of record determines whether a trial will be de novo." *Foster*, 2003-NMCA-099, ¶ 9. We also observed that "[t]he magistrate court . . . is not a court of record [and] [t]herefore, appeals from magistrate courts are de novo." *Id.* (citations omitted).

**{20}** We further note that *Foster* did not concern a de novo trial. Instead, the defendant was convicted in magistrate court, appealed to district court, and filed a pretrial motion claiming that the trial in magistrate court had violated double jeopardy. *Id.* ¶ 4. The state argued that the district court should not be allowed to consider the defendant's claim of double jeopardy because, given that trial was de novo, it was as if the magistrate court trial never existed. *Id.* ¶ 10. This Court disagreed and held that a de novo appeal was an appropriate avenue for the defendant to assert his double jeopardy claim. *Id.*

**{21}** In *Foster*, we recognized the broad appellate jurisdiction of district courts to conduct trials de novo and, "when called upon, [to] hear pretrial motions in de novo appeals." *Id.* ¶ 11; *see State v. Hicks*, 105 N.M. 286, 287, 731 P.2d 982, 983 (Ct. App. 1986) ("[T]he right of appeal [from courts not of record] is the right to a trial *or hearing de novo* in the district court." (emphasis added)). As in *Foster*, "[w]e see no justification for limiting the authority of the district court to hear [the] motion in this case [and] hold that the district court has jurisdiction as well as a constitutional and statutory obligation to consider [the] motion on the merits." 2003-NMCA-099, ¶ 11; *see Hicks*, 105 N.M. at 287, 731 P.2d at 983.

**{22}** A similar issue, albeit with the state taking a contrary position, was considered by this Court in *Hicks*. In *Hicks*, the metropolitan court dismissed the complaint filed against the defendant because the complaint was not filed in a timely manner, and the district court affirmed the dismissal, finding that the metropolitan court did not abuse its discretion. 105 N.M. at 287, 731 P.2d at 983. On appeal, the state argued that the district court erred in applying an "appellate standard of review" and that it should have made an independent determination of whether dismissal was proper. *Id.* The defendant argued that the district court proceeding was not a "trial" in the ordinary meaning of that word and, thus, a de novo proceeding was not required. *Id.* This Court agreed with the state and found the defendant's argument was "not consistent with the meaning of the word 'appeal' in the context of [Article] VI, Section 27." *Hicks*, 105 N.M. at 287, 731 P.2d at 983.

**{23}** In *Hicks*, this Court held that, because criminal actions in metropolitan court were not of record at that time, "the right of appeal in such actions is the right to a trial or hearing de novo in the district court[, and] [i]n de novo proceedings, the district court is not in any way bound by the proceedings in the lower court." *Id.* (citation omitted). We held that the district court was required to independently determine whether the requirements of the metropolitan court were complied with and thus remanded the case to district court to make such a determination. *Id.* *Compare State v. Spillman*, 2010-NMCA-019, ¶ 6, 147 N.M. 676, 227 P.3d 1058 (filed 2009) (holding that before a defendant could contest the validity of a plea entered in metropolitan court by appealing to district court, he had to first move to set aside his plea in metropolitan court because in an on-the-record appeal to district court, that court is the equivalent of an appellate court), *cert. denied*, 2010-NMCERT-001, 147 N.M.

6

673, 227 P.3d 1055, *with Gallegos*, 2007-NMCA-112, ¶¶ 3-8 (conducting an evidentiary hearing in district court to determine the validity of the defendant's plea entered in magistrate court).

**{24}**     In this case, because the probation revocation in magistrate court was not of record, Defendant was entitled to a hearing de novo in the district court in which the court was in no way "bound by the proceedings in the lower court." *Hicks*, 105 N.M. at 287, 731 P.2d at 983. After such a hearing, the district court should either reverse the order revoking probation and remand for enforcement of that judgment or if de novo review indicates that the probation revocation was proper, remand for enforcement of the sentence imposed by the magistrate court. *See* Rule 6-703(P); Rule 6-802(D).

**{25}**     While acknowledging that the magistrate court is not a court of record, the State argues that a sufficient "record can be made by requiring the party filing an appeal in district court to request that the magistrate court enter findings of fact and conclusions of law to be incorporated in [its] judgment and sentence orders following probation revocation hearings." The propriety of the revocation proceeding could then be determined from the findings and conclusions and, if not, remand would be the proper remedy. The State suggests that this Court could "mandate as a matter of procedure that the magistrate courts make such findings and conclusions as part of the record on appeal," and probation revocation orders issued by magistrate courts could be amended to reflect that on appeal defendants are not entitled to de novo review.

**{26}**     We construe these procedures and requirements suggested by the State as a request for a change in the Rules of Criminal Procedure because there are no current magistrate or district court rules mandating such procedures and requirements. *See generally* Rule 6-703 (setting forth the requirements for an appeal from magistrate court to district court). Specifically, there is nothing in the current rules requiring the record on appeal to contain findings and conclusions when a magistrate court revokes a probationer's probation. *See* Rule 6-703(F) (setting forth the contents of the record in an appeal from magistrate court). Any development or change in this area should be directed to our Supreme Court, our state's rule-making authority. *See Pub. Serv. Co. of N.M. v. Lyons*, 2000-NMCA-077, ¶ 23, 129 N.M. 487, 10 P.3d 166 (discussing the law of privilege). Nor do we perceive any need to adopt such procedures or to require the magistrate court to make findings and conclusions because the availability of de novo review obviates the need for such new procedures, findings, and conclusions. *See Gallegos*, 2007-NMCA-112, ¶ 3 (recognizing that because the magistrate court is not a court of record, any "record" on appeal would only consist of papers filed in that court).

**{27}**     Finally, we note that the State is correct that a probation revocation hearing is not a trial, that a defendant is not entitled to all of the rights afforded during a criminal prosecution, and that the State's burden of proof is different for a probation revocation proceeding. *See State v. Phillips*, 2006-NMCA-001, ¶ 17, 138 N.M. 730, 126 P.3d 546 (filed 2005) (stating that the trial court's finding of a probation violation must be based on verified facts sufficient to establish the violation of probation to a "reasonable certainty" (internal quotation marks omitted)); *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct.

App. 1989) (recognizing that the state must introduce proof which would incline "a reasonable and impartial mind to the belief that a defendant has violated the terms of probation"). However, we fail to see how these differences negate the need for a de novo hearing when the appeal is from a magistrate court proceeding that is not of record.

## III.    CONCLUSION

**{28}** Based upon our holding that the district court erroneously remanded to give the magistrate court another opportunity to conduct a full hearing, we reverse and remand so that the district court can conduct a de novo hearing on the revocation.

**{29}    IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**

**Topic Index for _State v. Begay_, Docket No. 29,425**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-RA | Record on Appeal |
| AE-TN | Trial de Novo |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-FO | Final Order |
| CA-PB | Probation |
| CA-RV | Revocation of Probation |
| | |
| **EV** | **EVIDENCE** |
| EV-HR | Hearsay Evidence |
| | |
| **JD** | **JURISDICTION** |
| JD-AJ | Appellate Jurisdiction |
| JD-CG | Courts of Limited Jurisdiction, General |
| JD-DC | District Court |
| JD-MC | Magistrate Court |