This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                  **No. 30,248**

**KEVIN LAMONT RICHARD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appealed from the district court's order dismissing his appeal from magistrate court for lack of jurisdiction. We issued a notice of proposed summary disposition, proposing to reverse and remand for the district court to hold an evidentiary hearing on the validity of the plea Defendant entered in magistrate court. The State responded to our notice with a memorandum in opposition, directing this Court to the district court's finding that Defendant acknowledged there were no constitutional infirmities surrounding his plea and arguing that no evidentiary hearing is therefore necessary. [State's MIO 2] Although the record indicated that Defendant raised several constitutional arguments, we noted that Defendant did not challenge the district court's finding and neither party explained what Defendant argued at the hearing on the State's motion to dismiss. Consistent with our presumption of correctness, we issued a second notice, presuming Defendant conceded there were no constitutional problems with his plea at that hearing and proposed to affirm.

Defendant responded to our second notice, stating that the district court's finding was not supported by the facts and that the finding was language included in an order submitted by the prosecutor. [Defendant's MIO 3, 5] Defendant maintained that defense counsel argued strenuously that the magistrate court violated his constitutional rights by accepting and entering a plea that was not knowing, intelligent, and voluntary. [Id.] We issued a third notice of proposed summary

2

disposition, noting that the record supports Defendant's representations and the State made no factual representations explaining what facts supported the district court's finding. We determined that under these circumstances there was record support for Defendant's claims and no factual dispute between the parties, and therefore summary reversal was again appropriate.

The State has responded to our third notice, indicating that no opposition to the proposed disposition will be filed and submitting that the appropriate remedy is a remand to the district court for an evidentiary hearing to determine whether Defendant's plea in magistrate court was valid. [Response 1] We agree.

For the reasons stated in our first and third notices, we reverse the district court's order dismissing Defendant's appeal and remand for the district court to hold an evidentiary hearing and determine the validity of Defendant's plea in magistrate court. "If [after the hearing] the district court concludes that the plea is valid, then the defendant is not an aggrieved party entitled to bring a de novo appeal to the district court, and the district court must dismiss the appeal." *State v. Spillman*, 2010-NMCA-019, ¶ 5, 147 N.M. 676, 227 P.3d 1058.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

3

_____

**CELIA FOY CASTILLO, Judge**

_____

**RODERICK T. KENNEDY, Judge**