**Certiorari Denied, January 19, 2012, No. 33,348**

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2012-NMCA-022**

**Filing Date: November 17, 2011**

**Docket No. 30,199**

**STATE OF NEW MEXICO,**

 **Plaintiff-Appellant,**

**v.**

**ANDY L. VALERIO,**

 **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Joel Jacobsen, Assistant Attorney General
Albuquerque, NM

for Appellant

David Henderson
Santa Fe, NM

for Appellee

## OPINION

**FRY, Judge.**

**{1}** Defendant was charged by criminal complaint in magistrate court with two misdemeanor counts of criminal sexual contact. After the magistrate court declined to dismiss the charges on the basis of alleged deficiencies in the criminal complaint, Defendant filed an emergency petition for a writ of prohibition in district court, which was subsequently granted. We conclude that the writ of prohibition was not appropriate because the magistrate

court had subject matter and personal jurisdiction in this case, and Defendant failed to establish that he did not have an adequate remedy at law. We therefore reverse and remand for further proceedings in the magistrate court consistent with this Opinion.

## BACKGROUND

### A.     Magistrate Court Proceedings

{2}     On January 12, 2009, the State filed a criminal complaint in magistrate court charging Defendant with two misdemeanor counts of criminal sexual contact in violation of NMSA 1978, Section 30-9-12(A), (D) (1993). The complaint indicated that the alleged illegal contact occurred between February 1, 2007, and April 30, 2008. It also included the following statement: "I swear or affirm under penalty of perjury that the facts set forth above are true to the best of my information and belief. I understand it is a criminal offense subject to the penalty of imprisonment to make a false statement in a criminal complaint." Following this statement, however, there was no signature. Instead, the complaint concluded with the prosecutor's signature. Defendant was arraigned on the basis of this complaint on April 23, 2009, and he pleaded not guilty to both charges.

{3}     On May 20, 2009, the State filed an amended criminal complaint in magistrate court. Although the charges remained the same, the amended complaint reduced the time period that the alleged contact occurred by one year to reflect that the alleged contact occurred between February 1, 2007, and April 30, 2007. The amended complaint also included the statement quoted above, and it was now signed by an individual that the parties agree was Officer Matthew Martinez. In addition, the amended complaint, like the original, was signed by the prosecutor.

{4}     On June 24, 2009, Defendant filed the first of two motions to dismiss the case due to alleged deficiencies in the first criminal complaint and the amended complaint. Initially, he moved to dismiss due to the lack of a valid charging document, arguing that the first criminal complaint failed to comply with Rule 6-201 NMRA because it did not include a sworn statement of facts. *See* Rule 6-201(A)(1) (providing that one method of commencing a criminal action in magistrate court is by the filing of "a complaint consisting of a sworn statement containing the facts"). Defendant filed a similar motion to dismiss on July 6, 2009, in which he argued that the State had failed to file a bill of particulars and also had "failed to allege specific and sufficient facts to commence a criminal action."

{5}     In response to Defendant's motions, the State argued that all necessary facts were sufficiently set forth in the complaint through the statutes cited in it; alternatively, the State argued that even if the first complaint was defective, the proper remedy was to allow the State to amend that complaint pursuant to Rule 6-303 NMRA—which the State had already done—rather than to dismiss the case. *See* Rule 6-303(A) (stating that "[t]he court may at any time prior to a verdict cause the complaint or citation to be amended with respect to any . . . defect, error, omission[,] or repugnancy if no additional or different offense is charged

2

and if substantial rights of the defendant are not prejudiced"). After a hearing, the magistrate court denied both motions filed by Defendant in which he had alleged that the first criminal complaint was defective due to the lack of a sworn statement.

**{6}** Despite the earlier denial, Defendant later filed two more motions to dismiss, arguing that the State had failed to file a valid complaint because the first criminal complaint was defective and the amended complaint was filed outside the applicable statute of limitations. Defendant argued that the failure to timely commence prosecution was a "jurisdictional bar to the continued prosecution of [Defendant]." The magistrate court again denied Defendant's dismissal motions following a hearing. Defendant then proceeded to file an emergency petition for a writ of prohibition in the district court. The magistrate court proceedings were stayed pending the outcome of the writ proceedings in district court.

## B.     Writ of Prohibition

**{7}** In his petition to the district court for an emergency writ of prohibition, Defendant raised two arguments, only one of which is relevant to this appeal. Defendant argued that the magistrate court lacked personal jurisdiction to hear Defendant's case due to the alleged expiration of the statute of limitations. Specifically, he argued that the first complaint contained a "critical defect" due to the failure to include a sworn statement, and that it therefore could not form the basis for initiating criminal proceedings against him. With respect to the amended complaint, Defendant argued that it, too, was invalid because it "was filed after the applicable [two-]year statute of limitations on commencing an action for [a] misdemeanor, [as] defined by [NMSA 1978, Section 30-1-8(C) (2009)]." *See* § 30-1-8(C) (providing that for misdemeanors, a "person shall not be prosecuted, tried or punished in any court of this state unless . . . [the] complaint is filed . . . within two years from the time the crime was committed"). Defendant concluded that the State's failure to file a valid complaint within the prescribed time period robbed the magistrate court of jurisdiction and required dismissal of the case.

**{8}** In response to Defendant's petition, the State argued that a writ of prohibition was not the proper remedy and that Defendant was "using the writ as a substitute for an appeal." Asserting that a writ of prohibition is an extraordinary remedy that is available only under "exceptional circumstances," the State contended that Defendant had failed to establish why an ordinary appeal was not an adequate remedy in this case, and further argued that he had not demonstrated any prejudice to him on the merits as a result of any deficiency in the complaints.

**{9}** On January 20, 2010, the district court held a hearing at which it granted Defendant's petition for a writ of prohibition. The court found that the first criminal complaint was invalid and that the amended complaint was filed after the statute of limitations ran. Concluding that the magistrate court "cannot proceed with this case because it lacks jurisdiction," the district court ordered that the "case be remanded to [m]agistrate [c]ourt for the entry of an order dismissing the case." This appeal followed.

3

**DISCUSSION**

**{10}** The State argues that the district court erred in granting the writ of prohibition because (1) Defendant had an adequate remedy at law and (2) the magistrate court's determination regarding the validity of the initial complaint and the alleged expiration of the statute of limitations did not implicate its jurisdiction, and a writ proceeding was therefore improper. Although the State claims that the magistrate court correctly resolved the merits of the underlying dispute concerning the statute of limitations, it asserts that it is sufficient for purposes of this appeal to address only whether the writ of prohibition was a proper remedy. We agree and therefore limit our analysis accordingly.

**A.      The District Court's Order Was Final and Appealable**

**{11}** As a preliminary matter, we determine whether the district court's order issuing the writ of prohibition is a final, appealable order. Defendant argues that the State's appeal is moot because the State filed its notice of appeal in this case prior to the entry of the order of dismissal by the magistrate court. The district court's order granting the writ of prohibition was filed on January 25, 2010, and the State filed its notice of appeal from that order on the next day, January 26, 2010. The following day, on January 27, 2010, the magistrate court entered an order dismissing the case with prejudice based on the district court's order. Defendant's argument appears to be that an appeal in this case could only have been properly filed from the magistrate court's order and not from the district court's order, which was filed two days earlier.

**{12}** The right to appeal is generally restricted to final judgments and decisions. *State v. Begay*, 2010-NMCA-089, ¶ 11, 148 N.M. 685, 241 P.3d 1125. For purposes of appeal, "[a] final order is commonly defined as an order that decides all issues of fact and law necessary to be determined or which completely disposes of the case to the extent the court had the power to dispose of it." *Id.* With respect to criminal cases, a final judgment is "one which either (1) adjudicates the defendant to have been convicted of a criminal offense and imposes, suspends[,] or defers sentence[;] or (2) dismisses all of the charges against the defendant." *State v. Garcia*, 99 N.M. 466, 471, 659 P.2d 918, 923 (Ct. App. 1983). We also note that "finality is to be given a practical, rather than a technical, construction." *Begay*, 2010-NMCA-089, ¶ 11 (internal quotation marks and citation omitted).

**{13}** We conclude that the district court's order is a final, appealable order. It is clear that the district court's order, in effect, dismissed all charges against Defendant because the district court determined that the initial complaint was invalid and that the amended complaint was filed outside the statute of limitations period. The order also effectively disposed of all issues in the case by finding that the magistrate court could not proceed with the case because it "lack[ed] jurisdiction" as a result of the invalid complaints.

**{14}** In addition, although the district court order's decretal language directed that the case "be remanded to [m]agistrate [c]ourt for the entry of an order dismissing the case," the

4

remand instruction did not render the order non-final. Although ordinarily an order remanding a case for further proceedings is not considered final for purposes of appeal, *id.* ¶ 13, we have previously determined that a remand order is final in certain circumstances, such as here, where the remand directs the lower tribunal to perform a task requiring no exercise of discretion. *See State v. Montoya*, 2005-NMCA-005, ¶ 5, 136 N.M. 674, 104 P.3d 540 (holding that a district court order remanding to magistrate court to impose the original sentence was a final judgment because the magistrate court lacked the authority to make any substantive determination regarding the defendant's sentence on remand and was limited to the "purely ministerial act of imposing the original sentence"). Here, Defendant does not dispute that the magistrate court on remand was left with no discretion to revisit the issue of the validity of the complaints or the statute of limitations and could only perform the ministerial task of entering an order dismissing the charges against Defendant. We agree with the State that it would be pointless to require the State to challenge the writ proceedings by appealing the magistrate court's order because that appeal would be to the very court that issued the writ of prohibition and ordered the magistrate court to dismiss the charges. *See* NMSA 1978, § 35-13-2(A) (1996) (stating that "[a]ppeals from the magistrate courts shall be tried de novo in the district court"). Thus, we conclude the district court order for purposes of this appeal is a final order.

**{15}** We are not persuaded by Defendant's arguments to the contrary. Defendant's primary contention is that the State should have sought a stay of the district court's order once it filed the notice of appeal and that, without such a stay, the magistrate court properly acted in dismissing the charges. However, Defendant relies on civil case law and the rules of civil procedure governing district courts in support of his argument, and we are not convinced that this authority should be applied in the criminal context. The State's appeal is not moot, and we therefore proceed to the merits of this appeal.

**B.      The Writ of Prohibition Was Not a Proper Remedy**

**{16}** District courts have the authority under Article VI, Section 13 of the New Mexico Constitution to issue writs of prohibition to courts of inferior jurisdiction. *See* N.M. Const. art. VI, § 13 ("The district courts, or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition and all other writs, remedial or otherwise in the exercise of their jurisdiction; provided, that no such writs shall issue directed to judges or courts of equal or superior jurisdiction."). The State contends that a writ of prohibition was an improper remedy in this case for two reasons: (1) the magistrate court had proper subject matter and personal jurisdiction in this case, and (2) Defendant had an adequate remedy at law. We address each of these arguments in turn.

**1.      The Parties' Arguments Concerning the Magistrate Court's Jurisdiction**

**{17}** In his petition for a writ of prohibition, Defendant relied on *State v. Kerby*, 2007-NMSC-014, 141 N.M. 413, 156 P.3d 704, to argue that a criminal statute of limitations is jurisdictional in nature and, therefore, the magistrate court's alleged erroneous ruling on

5

the statute of limitations issue in this case functioned as a "jurisdictional bar to the continued prosecution" of Defendant. The district court found this reasoning persuasive, as reflected in the court's order finding that the magistrate court lacked jurisdiction to proceed further in the case. On appeal, Defendant makes a similar argument in favor of the correctness of the district court's decision to enter a writ of prohibition. He contends that a court does not have "the authority to try a person in violation of a limitations statute" and that criminal statutes of limitations implicate the "fundamental jurisdiction of a trial court to proceed with a prosecution." The State argues that *Kerby* is inapposite because it held that criminal statutes of limitations are not jurisdictional. The State also contends that any alleged legal error committed by a court regarding the statute of limitations does not deprive that court of its jurisdiction to act.

**{18}** We need not engage in a careful review of *Kerby* for two reasons. First, the discussion in *Kerby* regarding the statute of limitations is not precisely applicable to the circumstances in this case because *Kerby* involved the question whether a criminal defendant may waive the protection of the statute of limitations, a question not raised here. *Id.* ¶¶ 12-19. Second, the inquiry in the present case is whether the district court misconstrued the term "jurisdiction" as it applies in the context of writs of prohibition, which is a question not addressed in *Kerby*.

**{19}** Our Supreme Court has stated a number of times that a writ of prohibition is "an extraordinary writ, issued by a superior court to an inferior court to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has no control, or from going beyond its legitimate powers in a matter of which it has jurisdiction." *In re Extradition of Martinez*, 2001-NMSC-009, ¶ 7, 130 N.M. 144, 20 P.3d 126 (internal quotation marks and citation omitted). *See generally* Richard C. Bosson & Steven K. Sanders, *The Writ of Prohibition in New Mexico*, 5 N.M. L. Rev. 91, 101-12 (1974). The Court has defined jurisdiction in this context as "the court's power to entertain and hear the suit," *see id.* at 101 (internal quotation marks and footnote omitted), and has further explained that the jurisdictional test is "not whether the court had a right to decide the issue in a particular way, but did it have the right to decide it at all." *In re Extradition of Martinez*, 2001-NMSC-009, ¶ 7 (quoting *State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo*, 70 N.M. 475, 481, 375 P.2d 118, 122 (1962)). Thus, the critical inquiry required in this case is one of subject matter and personal jurisdiction—i.e., whether the magistrate court had "jurisdiction over the subject matter of the dispute and over each of the parties to the dispute." *Id.*

**{20}** In this case, the parties do not dispute that the magistrate court had jurisdiction to make determinations regarding the sufficiency of the complaints or the alleged expiration of the statute of limitations. It is also undisputed that the magistrate court had jurisdiction to try Defendant on the two misdemeanor charges. Defendant properly filed his motions to dismiss, and the magistrate court held at least two hearings on this matter before determining that the complaints were valid and did not violate the statute of limitations. Defendant does not argue on appeal that the magistrate court lacked subject matter or personal jurisdiction

6

at any point during these proceedings. Thus, we conclude that a writ of prohibition was not appropriate because the magistrate court had proper subject matter jurisdiction and personal jurisdiction. *See In re Extradition of Martinez*, 2001-NMSC-009, ¶¶ 8-11 (determining that a writ of prohibition was not proper where the district court had both subject matter and personal jurisdiction to hear the defendant's arguments that he should not be extradited as a result of an alleged technical deficiency in his warrant); *Kermac*, 70 N.M. at 476, 481-82, 375 P.2d at 119, 122-23 (determining that where district court had personal and subject matter jurisdiction in a workers' compensation case, it was improper to issue a writ of prohibition on the issue of, among other things, the statute of limitations).

**{21}** Defendant's primary argument is not that the magistrate court lacked subject matter or personal jurisdiction, but that its "erroneous" determination on the statute of limitations issue functioned as a "jurisdictional bar to the continued prosecution" of Defendant. However, as we have explained, the jurisdictional test is not whether the court had a right to decide the issue *in a particular way*, but whether it had the right to decide the issue at all. *See Kermac*, 70 N.M. at 481, 375 P.2d at 122 (stating that the correct rule for the issuance of a writ of prohibition is that "jurisdiction being present of both the subject matter and the parties, ordinarily prohibition will not issue, and further that the question was not whether the court had a right to decide the issue in a particular way, but did it have the right to decide it at all"). The fact that the magistrate court may have reached an erroneous ruling regarding the statute of limitations in this case—when it had both subject matter and personal jurisdiction—does not give any basis for a writ of prohibition. Thus, because the magistrate court had jurisdiction and authority to make a determination regarding the validity of the complaints and the statute of limitations—even if it was in error—a writ of prohibition was not appropriate.

## 2. Defendant Had an Adequate Remedy at Law

**{22}** We also address the State's argument that the writ of prohibition was not appropriate because Defendant had an adequate remedy at law that he could utilize to correct any allegedly erroneous rulings made by the magistrate court. The State contends that Defendant could have appealed "from the magistrate[ court's] ruling upon entry of a final judgment after trial or upon a conditional guilty plea" under Article VI, Section 27 of the New Mexico Constitution. *See* N.M. Const. art. VI, § 27 ("Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law."). The State further claims that the issuance of the writ of prohibition by the district court amounted to "a piecemeal interlocutory appeal."

**{23}** It is well established that the extraordinary writ of prohibition is generally available only in cases where there is no adequate remedy at law. *See* 63C Am. Jur. 2d *Prohibition* § 14 (2011) ("In the absence of any statutory provision to the contrary, it is the general rule that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are adequate and available." (footnote omitted)); *see also*

*State ex rel. Miller v. Tackett*, 68 N.M. 318, 324, 361 P.2d 724, 728 (1961) ("We recognize the oft-repeated rule that a writ of prohibition is not a writ of right, but instead, is one of sound judicial discretion that is issued or withheld according to the circumstances of each particular case, and which is used with great caution in the furtherance of justice, where it is plain that the court, officer, or person against whom it is sought is about to exercise some judicial or quasi judicial power; the exercise of which is clearly unauthorized by law and will result in injury for which no other adequate remedy exists" (internal quotation marks and citation omitted)); *cf. Cobb v. State Canvassing Bd.*, 2006-NMSC-034, ¶ 20, 140 N.M. 77, 140 P.3d 498 (referring to the general principle that all extraordinary writs are "available only in cases wherein other remedies fail or are inadequate" (internal quotation marks and citation omitted)).

**{24}** We agree with the State that Defendant had an adequate remedy by way of a de novo appeal to the district court following the entry of a final judgment in the magistrate court. Rule 6-703(A) NMRA ("A party who is aggrieved by the judgment or final order in a criminal action may appeal, as permitted by law, to the district court of the county within which the magistrate court is located."). Defendant has failed to explain how this remedy was inadequate or otherwise unavailable to him under the circumstances of this case. His only argument appears to be that he would be prejudiced by having to "await conviction" for "crimes that evoke strong public opinion" and "then await the outcome of a de novo appeal in [d]istrict [c]ourt." We are not persuaded. Although the magistrate court denied his motions to dismiss, there is no indication that further criminal proceedings would result in convictions. Nor are we persuaded that the time involved in going through trial and a de novo appeal in this case is a burden significant enough to merit the exercise of a writ of prohibition. *See State ex rel. Harvey v. Medler*, 19 N.M. 252, 260, 142 P. 376, 378 (1914) (stating that "as a general rule, the writ of prohibition cannot be used to correct mere irregularities, or to perform the functions of an appeal or writ of error").

**{25}** Defendant also argues that a de novo appeal from a final judgment in magistrate court is not an adequate remedy for any statute of limitations violation because, like double jeopardy, the statute of limitations in a criminal case is intended to limit exposure to prosecution altogether, not simply to provide an alternative basis for reversal in a de novo appeal. Defendant does not cite any authority equating double jeopardy protections to the bar provided by the statute of limitations. Therefore, we decline to consider the issue. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (explaining that appellate court will not consider an issue if no authority is cited in support of the it).

**{26}** To hold that a writ of prohibition proceeding is appropriate in any case where the trial court may have erroneously ruled on a statute of limitations issue—or, for that matter, any other dispositive issue that might obviate the need for trial—is contrary to the purposes underlying the use of extraordinary writs and our general policy disfavoring the use of piecemeal appeals. "[N]either the writ of prohibition nor the writ of superintending control should be used as a substitute for a decision on direct or interlocutory appeal." *Chappell v. Cosgrove*, 1996-NMSC-020, ¶ 6, 121 N.M. 636, 916 P.2d 836; *see also* 7 Wayne R. LaFave

et al., *Criminal Procedure* § 27.4(b), at 50 (3d ed. 2007) ("Even in those jurisdictions that [utilize a writ proceeding to] reach a broad range of issues . . ., courts continue to stress that the writs should be sparingly allowed.  This reluctance reflects both the apprehension that the writs could be used so frequently that their use would imperil the policies that limit the right of appeal, particularly the final judgment rule, and the concern that the writs not become a form of open-ended discretionary review for orders not appealable as of right.").  Defendant clearly has an adequate remedy at law.  For this reason, and because the magistrate court properly exercised its jurisdiction, we conclude that the district court improperly issued the writ of prohibition.

**CONCLUSION**

**{27}**     Based on the foregoing, we reverse the district court's order granting the writ of prohibition.  We also reverse the magistrate court's order dismissing all charges against Defendant as a result of the district court's order on the writ of prohibition, and we remand with instructions that the magistrate court reinstate all charges against Defendant.  Defendant may appeal the magistrate court's determinations regarding the validity of the initial complaint and the statute of limitations upon entry of a final, appealable order or judgment by the magistrate court.

**{28}    IT IS SO ORDERED.**

<br>

                          **CYNTHIA A. FRY, Judge**

**WE CONCUR:**

<br>

**CELIA FOY CASTILLO, Chief Judge**

<br>

**JONATHAN B. SUTIN, Judge**

**Topic Index for *State v. Valerio*, No. 30,199**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-AO | Appealable Order |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-SE | Sexual Exploitation of Children |
| CL-SX | Sexual Offences |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-AM | Amendments to Pleadings |

| | |
|---|---|
| CA-CL | Complaint |
| CA-DC | Dismissal of Charges |
| CA-FO | Final Order |
| | |
| **JD** | **JURISDICTION** |
| JD-MC | Magistrate Court |
| JD-PR | Personal |
| JD-SM | Subject Matter |
| | |
| **RE** | **REMEDIES** |
| RE-WP | Writ of Prohibition |