Certiorari Granted, August 3, 2012, No. 33,650; Certiorari Granted, August 3, 2012, No. 33,676

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-079**

**Filing Date: May 14, 2012**

**Docket No.  30,888**

**CITY OF FARMINGTON,**

> **Plaintiff-Appellee,**

**v.**

**JUAN A. PINON-GARCIA,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

William Cooke, Deputy City Attorney
Jennifer Breakell, Assistant City Attorney
Farmington, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

**{1}**     In this case, we address both the standard and scope of review by the district court when a de novo appeal is taken from a lower court case that is not of record.  The municipal court dismissed Defendant's charges with prejudice because the arresting officer was unavailable for trial in the lower court.  The City of Farmington (City) then filed an appeal to the district court pursuant to Rule 8-703(A) and (J) NMRA.  The record indicates that the district court conducted the de novo trial without properly considering the propriety of the

municipal court's dismissal. Defendant was convicted in the district court and filed this appeal. We reverse and remand to the district court for a de novo hearing.

**BACKGROUND**

**{2}**     The City charged Defendant with various traffic violations, including driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102 (2008) (amended 2010). Defendant was arraigned in municipal court. On the day set for trial, the City's main witness, the arresting officer, failed to appear. As a result, the municipal court dismissed Defendant's charges with prejudice.

**{3}**     The City filed an appeal in district court seeking a de novo trial. *See* Rule 8-703(A) and (J). At a pretrial hearing, Defendant sought to have the case dismissed contending that the municipal court did not abuse its discretion in dismissing the charges. The City responded, contending that it had the right to appeal and that it was entitled to a de novo trial. The district court instructed Defendant to file a motion to dismiss.

**{4}**     Defendant filed his motion to dismiss claiming that the district court could only consider the propriety of the municipal court's dismissal and arguing that the municipal court did not abuse its discretion in dismissing the charges. The City responded claiming that it was entitled to a trial de novo in district court. The City also contended that, given the need for a de novo trial, the district court need not be concerned with the propriety of the municipal court's dismissal so long as Defendant's right to be free from double jeopardy is not violated. The district court denied Defendant's motion and set the matter for trial on the merits. Defendant was convicted, and this appeal timely followed his conviction.

**DISCUSSION**

**{5}**     The parties agree that the City was entitled to appeal to the district court in this matter. *See* Rule 8-703(A) (allowing "[a] party who is aggrieved by the judgment or final order of the municipal court" to appeal to the district court); *City of Las Cruces v. Sanchez*, 2007-NMSC-042, ¶ 20, 142 N.M. 243, 164 P.3d 942. They disagree, however, as to the proper scope of the district court's review, and to what extent the district court should consider the propriety of a municipal court's dismissal.

**{6}**     Defendant makes three arguments, contending:  (1) the district court should have conducted some review of the propriety of the dismissal; (2) the district court's review should have been for abuse of discretion; and (3) the district court abused its discretion because dismissal was appropriate in light of the municipal court's needs and the City's failures. The City contends that the district court's standard of review is de novo and also claims that the district court adequately considered the propriety of the municipal court's dismissal before denying Defendant's motion to dismiss.

**{7}**     We agree with the City that de novo review is appropriate on all issues but remand so that the district court can conduct a de novo hearing on whether the municipal court erred in dismissing the charges with prejudice and to insure that Defendant's right to be free from

double jeopardy is not violated. Because we are remanding, we will not consider Defendant's third contention that the municipal court was justified in dismissing the charges.

## A. Standard of Review

**{8}** The questions of whether the City was entitled to a de novo trial in district court and whether the district court was required to consider the propriety of the municipal court's dismissal are questions of law which we review de novo. *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824 ("We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of [the] case.").

## B. De Novo Review of Municipal Court Decisions

**{9}** It is well-established that, except as otherwise provided by law, appeals from lower courts, including the municipal court, are subject to de novo review. *See e.g.*, N.M. Const. art. VI, § 27 ("Appeals shall be allowed in all cases from the final judgments and decisions of . . . inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law."); NMSA 1978, § 39-3-1 (1955) ("All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law."); Rule 8-703(J) ("Trials upon appeals from the municipal court to the district court shall be de novo."); *Sanchez*, 2007-NMSC-042, ¶ 7. Despite this constitutional, statutory, and case authority that mandates de novo review, Defendant claims that the district court should have reviewed the municipal court's dismissal of his case under an abuse of discretion standard of review. He further argues that the municipal court's actions were supported by law because dismissal is an appropriate sanction when the prosecution fails to secure the presence of a witness at trial and, therefore, its ruling should be upheld absent an abuse of discretion. We disagree.

**{10}** As Defendant acknowledges in his reply brief, there are no rules, statutes, or case authorities supporting his position that abuse of discretion is the proper standard. *Cf. State v. Begay*, 2010-NMCA-089, ¶¶ 16-24, 148 N.M. 685, 241 P.3d 1125 (rejecting the state's contention that the district court should apply a deferential standard when reviewing the magistrate court's decision regarding a probation revocation); *State v. Garcia,* 2003-NMCA-045, ¶ 5, 133 N.M. 444, 63 P.3d 1164 (observing that "[t]he only law of which we are aware indicates that magistrate court appeals to district court are to be heard by trial de novo"). Additionally, the authorities Defendant does cite in support of his position are inapplicable because they all relate to the standard of review when a court sits as an appellate court in review of proceedings from a court of record. *See State v. Candelaria*, 2008-NMCA-120, ¶¶ 10, 12, 144 N.M. 797, 192 P.3d 792 (reviewing proceedings of record from the metropolitan court in the district court); *see also Sims v. Ryan*, 1998-NMSC-019, ¶ 4, 125 N.M. 357, 961 P.2d 782 (reviewing the discretionary act of the district court); *Rest. Mgmt. Co. v. Kidde-Fenwal, Inc.*, 1999-NMCA-101, ¶¶ 1, 8, 127 N.M. 708, 986 P.2d 504 (reviewing a district court's decision). In this case, however, the district court is not being asked to review a matter of record. As a result, de novo review is necessary. *See Begay*, 2010-NMCA-089, ¶¶ 19-24 (reviewing prior case law that recognized and established the

need for de novo review when reviewing a decision from a court that is not of record); *Foster*, 2003-NMCA-099, ¶ 9 (observing that "[w]hether a lower court is of record determines whether a trial will be de novo" and observing that "[t]he magistrate court . . . is not a court of record [and] [t]herefore, appeals from magistrate courts are de novo" (citations omitted)).

**{11}** We rely in part on this Court's opinion in *State v. Hicks*, 105 N.M. 286, 731 P.2d 982 (Ct. App. 1986) to reject Defendant's contention that abuse of discretion is the proper standard for the district court to apply. In *Hicks*, the metropolitan court dismissed the complaint filed against the defendant because it had not been filed in a timely manner. *Id.* at 287, 731 P.2d at 983. The district court affirmed the dismissal after finding that the metropolitan court did not abuse its discretion. *Id.* On appeal, this Court agreed with the state that the district court erred in applying an appellate standard of review. *Id.* We applied Article VI, Section 27 to reject the defendant's argument that de novo review did not apply merely because the proceedings below were not a "trial" and held that the district court should have made an independent determination of whether dismissal was proper. *Hicks*, 105 N.M. at 287, 731 P.2d at 983; *see also Foster*, 2003-NMCA-099, ¶¶ 19-20 (explaining that a district court must not accord deference to a magistrate court's grant of mistrial on the basis of manifest necessity, but that a district court may review the events that transpired in the magistrate court to the extent necessary to make a meaningful, independent determination).

**{12}** While acknowledging the holding in *Hicks,* Defendant asks us to overturn our previous decisions as out of step with the standard of review normally applied to discretionary decisions. We decline to do so and disagree with Defendant's assertion that recent case law suggests applying a different standard of review even if the lower court is not of record. To the contrary, this Court's decision in *Begay* is a recent conformation of the long-held position that review from lower courts that are not courts of record must be done on a de novo basis. *See Begay*, 2010-NMCA-089, ¶¶ 19-24. Therefore, the district court was required to review de novo whether it was appropriate to dismiss the charges against Defendant.

### C. Adequacy of the District Court's Review

**{13}** Having determined that the district court should have reviewed the municipal court's dismissal of Defendant's charges de novo, we next address Defendant's contention that the district court did not adequately address the propriety of the municipal court's dismissal of his case before conducting trial de novo. Defendant contends that the language of Article VI, Section 27 of the New Mexico Constitution requiring de novo trials applies to both a de novo trial and to a hearing on the issues appealed. We agree and hold that before it conducted a new trial on the charges against Defendant, the district court was required to conduct de novo pretrial proceedings and review all preliminary matters raised by the parties, including Defendant's motion to dismiss. *See Begay*, 2010-NMCA-089, ¶¶ 16-24 (rejecting the state's contention that Rules 6-703(J) and 6-802(D) NMRA should be interpreted as only applying to de novo trials, and holding that the defendant was entitled to a de novo probation revocation hearing in district court); *Hicks*, 105 N.M. at 287, 731 P.2d

at 983 (remanding to the district court to independently determine the propriety of a metropolitan court's decision to dismiss a complaint filed against a defendant because the complaint was not timely filed).

**{14}**    Without ever explicitly addressing whether the district court should have considered the propriety of dismissing the charges based on the officer's failure to appear, the City cites to Article VI, Section 27 of the New Mexico Constitution for the proposition that "[t]he only type of appeal allowed . . . shall be by trial de novo . . . ."  To whatever extent the City is implicitly asserting that our constitution limits de novo proceedings to a new trial as opposed to review of other dispositive issues raised in either the district court or in the lower court proceedings, we disagree.  Our appellate courts have interpreted Article VI, Section 27 of the New Mexico Constitution as requiring that all appeals to district court, not just trials, are reviewed de novo unless some rule or provision of law specifically states otherwise.  *See Sanchez*, 2007-NMSC-042, ¶ 15 (noting that a municipalities right to de novo appeal remains subject to a defendant's right to be free from double jeopardy); *Foster*, 2003-NMCA-099, ¶ 7  ("We conclude that the double jeopardy defense is available to [a d]efendant in [a] de novo appeal."); *Begay*, 2010-NMCA-089, ¶¶ 16-24 (entitling defendant to a de novo probation revocation hearing in the district court); *Hicks*, 105 N.M. at 287, 731 P.2d at 983 ("[T]he right of appeal [from courts not of record] is the right to a trial *or hearing de novo* in the district court." (emphasis added)).

**{15}**    In response to Defendant's arguments, the City also asserts that it "cannot state with certainty" whether the district court refused to conduct any review of the dismissal.  It further suggests that the district court "considered and reconsidered [Defendant's] arguments" regarding the propriety of the municipal court's dismissal.  After reviewing the record and transcripts from the district court hearings and trial, we are unpersuaded.

**{16}**    In support of its contention that the district court considered the propriety of the municipal court's ruling to dismiss the charges with prejudice, the City cites to the briefs filed by both parties, the district court's September 10, 2009 order denying the motion to dismiss, and Defendant's final pretrial arguments on November 10, 2009.  Our review of these materials indicates that they merely address whether the district court should conduct a trial de novo and, if so, whether the standard of review was abuse of discretion.  The materials contain no consideration, findings, or conclusions by the district court as to the propriety of the municipal court's dismissal of the charges with prejudice.

**{17}**    To the contrary, in the City's written response to Defendant's motion to dismiss, the City specifically argued that the district court did not need to review the legal issue of the propriety of the municipal court's dismissal of the charges with prejudice, and it made no arguments regarding whether the dismissal was improper under a de novo standard of review.  Without taking any additional evidence or holding a hearing, the district court simply entered a ruling and denied Defendant's motion to dismiss.  In its order, the district court did not address the propriety of the lower court's dismissal with prejudice or whether a second trial de novo was appropriate.  *See State v. Lizzol*, 2007-NMSC-024, ¶ 24, 141 N.M. 705, 160 P.3d 886 (recognizing the specific need for an appropriate double jeopardy review when an appeal is taken by the state from a lower court's dismissal of the criminal

charges). The district court only stated that it was not persuaded that *Candelaria* authorized it to conduct a review for abuse of discretion. Finally, there is nothing in the parties' pretrial arguments, or the district court's other pronouncements, indicating that the district court conducted any other de novo review of the propriety of the municipal court's dismissal with prejudice before it conducted a second de novo trial on the charges against Defendant. Based upon the foregoing, we conclude that the district court failed to adequately conduct a de novo review of the propriety of the municipal court's dismissal with prejudice and only indirectly addressed the double jeopardy issue by actually conducting a new de novo trial.

**CONCLUSION**

**{18}**    We reverse and remand this matter to the district court in order to conduct a de novo review of Defendant's motion to dismiss based upon the municipal court's dismissal of Defendant's charges with prejudice arising from the arresting officer's failure to appear for trial. In addition, the district court must directly address any double jeopardy implications arising from the failure of the State's prosecuting officer to appear for the first trial, thereby resulting in the municipal court's dismissal of Defendant's charges with prejudice. Given our decision to remand and conduct a proper de novo review of the matters pending before the district court, we decline to consider Defendant's additional arguments regarding the propriety of the district court's dismissal of the charges.

**{19}    IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**

**Topic Index for *City of Farmington v. Pinon-Garcia*, Docket No. 30,888**

**APPEAL AND ERROR**
Standard of Review

**CRIMINAL LAW**
Driving While Intoxicated

**JURISDICTION**
District Court
Municipal Court